## SUPREME JUDICIAL COURT

### FOR THE COUNTY OF

## PENOBSCOT.

### JUNE TERM,

### 1823.

---

### STETSON v. PATTEN & AL.

A parol ratification is not sufficient to give validity to a *deed* made by an agent, not having authority *under seal* to bind his principal.

If one acting as attorney for another, but having no sufficient authority, make a deed in the name of his principal who is not bound thereby,—it does not follow that the *agent* is bound by the deed, unless it contain apt words for that purpose.

THIS was an action of covenant upon an agreement under seal, signed by the defendants, and by "*Simeon Stetson for Amasa Stetson*" the plaintiff, by which the defendants agreed to enter upon certain unimproved lands of the plaintiff in the plantation of *Stetson* in this county, and make two farms thereof, and pay certain monies to the plaintiff with interest annually ; in consideration whereof the plaintiff was to make, execute and deliver to them a sufficient warranty-deed of the same lots. In the instrument declared on, the said *Simeon* was not named, except in the signature as above, but the covenants were wholly in the name of the plaintiff.

In a case stated by the parties it was agreed that said *Simeon* had not any authority under the hand and seal of the plaintiff to sign and seal the instrument declared on ; but that living in the vicinity of the plaintiff's lands in this county, he had been requested by the plaintiff, who is his brother, to superintend and manage his interests relative to said estate ;—and that pursuant to this request he made and executed the deed declared on, in behalf of the plaintiff, who resides in *Massachusetts*, and which

Stetson *v.* Patten & al.

he afterwards delivered to the plaintiff. It was further agreed
that another deed of the same tenor and date was made and
delivered to the defendants, who in pursuance of the agreement,
entered and made improvements upon the land; and that about
three years after the date of the agreement they settled an ac-
count with the plaintiff, and applied a balance due to them on
account towards payment of the interest due on said agreement,
which the plaintiff accordingly indorsed thereon.

Hereupon the question was whether the plaintiff was bound
by this agreement,—and if not, whether it was obligatory on
the defendants?

*McGaw*, for the plaintiff, argued that though *Simeon Stetson*
had no precedent authority sufficient 'to bind his principal by
deed, yet the acceptance of the deed from the hands of the
agent, the indorsement of the payment of interest on the back
of it by the plaintiff, and the bringing of this action, amounted
to an express adoption of the contract as his own. *Clement v.
Jones*, 12 *Mass.* 60—65. *Odiorne v. Maxcy*, 13 *Mass.* 178. But
if it be not the deed of the plaintiff, yet the defendants are
bound; for they might have ascertained the extent of the agent's
authority before entering into the covenant; and if he has not
bound his principal, then the deed is his own, or at least he is
liable to them in damages.

*W. D. Williamson*, on the other side, contended that the acts
of the plaintiff relied on as ratifications of the deed, were of
no higher solemnity than a precedent authority *by parol*, which,
it is admitted, would not be sufficient to give it validity. The
ratification of a deed must be by *deed*. *Milliken v. Coombs*, 1
*Greenl.* 343. The instrument being therefore not the deed of
the plaintiff, it is not binding on the defendants for want of re-
ciprocity. In mutual covenants, both are bound, or else neither
is bound.

MELLEN C. J. delivered the opinion of the Court.

It is agreed that *Simeon Stetson* had not any authority under
the hand and seal of the plaintiff, to execute the instrument de-
clared on; and it therefore was not the deed of *Amasa Stetson.*

No authorities need be cited to shew that when an instrument under seal is executed by attorney, the attorney must be authorised by deed under the hand and seal of the principal. This is admitted by the counsel for the plaintiff, but he contends that in consequence of certain acts which have been done by the principal since the execution of the instrument, it has been sanctioned and adopted by him, and thereby has become his deed. The circumstances relied on as proof of such ratification are, his acceptance of the indenture from the hands of his brother after its execution, and the indorsement on the back of the instrument of money received from the defendants on account of the contract. With respect to these facts, they cannot amount to any thing more than a sanction and ratification made by parol; and *such* ratification could not be more availing than a parol authority given before the instrument was signed, which, as we have seen, is of no importance. The plaintiff therefore cannot prevail on this ground.

But it is farther contended that though the instrument is not the deed of *Amasa Stetson*, it is the deed of the defendants, and they are bound by it, though the plaintiff is not. On examining the instrument it does not appear that *Simeon Stetson* has in any part of it bound himself personally; and there is therefore no reciprocity in the contract. The defendants have no right of action against any one, upon this contract;—and as the equity of the case seems therefore to be with them, so, we apprehend, is the law also.

In the case of *Soprani & al. v. Skurro, Yelv.* 19. it was decided that it must appear in pleading that the *lessor* as well as the *lessee* sealed the indenture of demise; otherwise no interest passes, and the covenants do not bind;—and that a bond given by a stranger for performance of covenants in such indenture, is not forfeited by the lessee's neglect to perform them.

In *Hosier v. Searle*, 2 *Bos. & Pul.* 299. the defence was placed on a similar principle, according to the plea in bar; but the Court considered that the defendant was estopped, by the bond he had given, to deny that he had executed the indenture referred to in the bond and plea. But it is clear that the Court would have adjudged the defence a substantial one, had there been no estoppel in the case.

For these reasons we are of opinion that the action cannot be maintained, and a nonsuit must be entered, pursuant to the agreement of the parties.