WINTER, Adm'r v. HITE et ux.

An executor, administrator, or guardian, cannot give a promissory note which shall be binding as such on the estate he represents, or on his ward.

An executor, administrator, or guardian, is individually liable on such promises.

Where a *feme sole* executed a promissory note as executrix of the estate of her late husband; and where she subsequently married, and herself and husband were sued on such note, in their individual capacity; *Held*, That the action was maintainable, and the wife was personally liable on the note.

*Appeal from the Jefferson District Court.*

ROSANNA DE FRANCE, the widow of Hugh De France, being the administratrix upon his estate, or the executrix of his will, gave to Solomon Kerns a promissory note for the payment of one hundred dollars, which she signed, "Rosanna De France, executrix of the estate of Hugh De France, deceased." She afterward married Hite. Suit upon the note was brought by the administrator of the estate of Kerns, against her and her husband, alleging the action to be brought on such a promissory note signed by her in the above manner. The defendant demurred, for the reason that the action was brought against her personally, and not against the representative of the estate, and the demurrer was sustained.

*Slagle & Achison*, for the appellant.

*Charles Negus*, for the appellee.

WOODWARD, J.—The action is maintainable in the form in which it is brought. The administratrix is personally responsible. An executor, administrator, or a guardian, cannot give a promissory note which shall be binding as such on the estate he represents, or on his ward. He is individually answerable upon such promises. This has long been well settled law. *Thacher* v. *Dinsmore*, 5 Mass. 299; *Foster* v. *Fuller*, 6 Mass. 58; *Childs* v. *Monino*, 2 Broad. & Bing. 460; 6 Eng. C. L. 200; *Hills* v. *Bannister*, 8 Cow. 31; *Barker* v. *Mech. Fire Ins. Co.*, 3 Wend. 94; *Binney* v. *Plimby*, 5 Vert. 500; also, note to 1 Amer. Lead. Ca. 604; Chit. on Bills (ed. 1842), 32–3, and note. The same doctrine applies to many cases of persons signing with the designation of trustees, or committees, and the like. But this class of cases is not to be examined in connection with that of agency, next to be alluded to.

It is important that these cases, especially those of admin-

istrators and guardians, should not be confounded with those of agency. When one acting as agent, signs a contract or promise, *having authority*, and his agency and principal appearing upon the face of the instrument, he is not personally liable. But if it does not appear upon the paper, that he acted as agent, or if he had not authority, he renders himself personally responsible. See the case of *Harkins* v. *Edwards & Turner*, 1 Iowa, 426. And in the case of *Baker* v. *Chambliss*, June term, 1854, this doctrine was applied to the board of directors of a school district, who, as such board, executed a promissory note for money due for building a school-house. The whole subject is discussed in the note to 1 Am. Lead. Ca. 602. This line of distinction has been clearly marked. An executor, administrator, or guardian, is not an *agent* in any such sense as above intended. He is so in a *general* sense, it is true, but his virtual and real character is of another class. With him, it is not a mere question of *fact*, whether he have authority, for there is no one to give it, but it is a question of *law*, and the law denies the authority. For instance, suppose the administrator, who gives a note and signs it in this manner, goes out of office, and another is appointed, it cannot be pretended that his successor would be liable on the note.

But, on the other hand, if he who so signs an instrument, is sued in that representative capacity, it may well be doubted, whether he could abate the suit for that reason; but the query would then be, whether the judgment should not be a personal one. Another question which may arise upon such an instrument, is, whether it may not be used as evidence of an indebtedness by the estate. We are not aware that these questions have been settled.

The present case decides only, that the promissor is liable personally, notwithstanding the words of description. The demurrer should have been overruled.

The judgment of the District Court is reversed.