## OLIVER v. TOWNSEND *et al.*

1. REFEREE: PRESUMPTION. The presumptions which obtain in favor of the regularity of proceedings in courts apply also to proceedings before referees appointed by the court.

Oliver v. Townsend.

2. SAME. The District Court did not err in refusing to review a finding of facts by a referee, when in the evidence upon which it was based is not presented in the record.

3. BOND: REPLEVIN. A guardian sued out a writ of replevin for his wards, but executed a replevin bond in his individual capacity. *Held*, That he was liable as an individual on the bond.

4. SAME. A replevin bond filed in an action concerning the property of an intestate was made payable to the administrator in his individual, and not his representative capacity. *Held*, That the administrator could elect to sue, either individually or in his representative capacity, and take payment accordingly.

5. PRACTICE: AMENDMENTS: TERMS. The terms upon which amendments shall be allowed are left to the discretion of the court below.

*Appeal from Polk District Court.*

MONDAY, JUNE 20.

ACTION on replevin bond. Under section 3089 of the Revision of 1860, the cause was referred for trial to W. H. McHenry, Esq., sole referee.

On the coming in of his report (which was in favor of the plaintiff), the defendants excepted to the same, and moved to set it aside. These motions being overruled, the defendants again excepted, and the court having rendered judgment on the report, they appeal.

*C. C. Cole* for appellant.

*Phillips & Phillips* for appellees.

DILLON, J.—I. The statute provides (Rev., § 3094), "that the trial by referees shall be conducted in the same manner as by the court," and that their report "shall stand as the finding of a court, except as otherwise provided in equitable actions, tried by the first method." § 3095.

The presumption is, that the proceedings before the referee were correct. If he makes an erroneous ruling of law, the party against whom it is made should except, and

preserve the exception, in. the same manner as if the trial were before the court. If the unsuccessful party claims that the findings of fact are against evidence, or without evidence, he should have all of the evidence certified, with the report, to the District Court. In the case at bar this was not done. What purports to be a record of the testimony is attached to the report of the referee, but the referee does not certify that this was all of the testimony upon which his findings of fact were based.

The exception to the report, on the ground that it was not sustained by the evidence, was, therefore, properly overruled.

II. The replevin bond in suit recited that "Henry Barlow, Stephen Barlow, &c., by their guardian John M. Townsend, had sued out a writ of replevin against the said Burrill Oliver," &c., and was conditioned as required by statute, and signed by Townsend individually.

It is objected that the court erred in rendering judgment against Townsend personally, inasmuch as this bond was executed by him as guardian.

The answer to this objection is, that he executed the bond individually. It commences, "We, the undersigned, acknowledge ourselves indebted to Burrill Oliver in the sum of," and is signed thus: "*John M. Townsend; J. E. Jewett.*" A personal judgment and not a judgment against him in his representative capacity was therefore proper. *Allen* v. *Pegram, ante; Winter* v. *Hite,* 3 Iowa, 142.

III. The bond in suit was, as we have just seen, payable to Burrill Oliver alone, without adding his representative character as administrator of S. C. Oliver, deceased. In the original petition Burrill Oliver sues on the bond in his own name, though he alleges that the suit is for the benefit of the estate. In an amended petition he sets forth his representative capacity.

The judgment, as finally rendered on the·report, was in the name of Burrill Oliver, and this is assigned as error.

· This was not erroneous. By the Revision (§ 2758), "a party with whom or in whose name a contract is made for the benefit of another, may sue in his own name," &c.

This was one of those cases where the plaintiff may, at his election, sue either individually or representatively and have judgment rendered accordingly. *Merritt* v. *Seaman*, 2 Seld., 168; *Bright* v. *Currie*, 5 Sandf., 433; *Patchen* v. *Wilson*, 4 Hill, 57; *Savage* v. *Merram*, 1 Blackf., 176; *Miles* v. *Davis*, 19 Mo., 408;·15 id., 89; Story's Eq. Plead., § 150.

IV. Under the state of the pleadings the allowance of the sum of $20 for attorney's fees as part of the damages covered by the replevin bond was unauthorized, but as the appellee offers to remit the amount in this court, the judgment will not for this reason be reversed, and as the appellants did not *specifically* point out this error to the District Court in their exceptions to the report of the referee, the appellee should be made to pay the costs of this appeal.

We cannot say that the court below erred in requiring the defendants to pay all the costs, notwithstanding the "recommendation" of the referee—that the plaintiffs should pay those which accrued before the filing of his amended petition. The terms upon which amendments should be allowed are matters which the law confides to a great extent to the discretion of the trial court.

Affirmed.

Cole, J., being of counsel, took no part in the determination of this cause.