ANDREWS & CO. v. TEDFORD.

1. **Principal and agent**: LIABILITY OF AGENT. An agent who, without authority, executes a contract not binding on his principal, is himself bound thereby.

2. **Guaranty**: PAROL EVIDENCE. A written guaranty of the payment of a specified sum at a certain time and place, cannot be shown by parol to have been a guaranty for the fulfillment by a third party of a promise to pay the same or a different sum at another time and place.

3. **Court**: PROVINCE OF. It is the exclusive province of the court to construe writings constituting the cause of action.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 21.

ACTION upon this instrument of writing, duly signed alone by defendant: "April 13, 1870. For and in consideration of goods ordered by us, we individually guarantee the prompt payment of $112 to A. H. Andrews & Co., or bearer, at the First National Bank of Des Moines, Iowa, on or before the first day of April, 1871, with interest at 10 per cent from date until paid" (duly signed, stamped and canceled). The defendant, by answer, averred that the indebtedness purporting to be guaranteed by the instrument sued on, was evidenced by the following:

"$112. Mr. John Senbaugh, P. O. Lewisburg, Iowa. April 13, 1870.

"Treasurer district, township of Clay, county of Wayne and State of Iowa. On or before the 13th day of April, 1871, pay to A. H. Andrews or order, $112 out of the school-house fund for furniture purchased by said district township, the bill for which has been duly audited and allowed with interest at ten per cent from date till paid" (duly signed by the president and countersigned by the secretary); and also averred that the obligation sued on was written on the back of the said school order, which was issued without authority of law and was invalid, and known to plaintiffs so to be at the delivery thereof, and that the obligation sued on was without consid-

eration. On a trial to a jury the plaintiffs read in evidence the instrument sued on. The defendant then read in evidence the school order above set out, and then read the deposition of the secretary, who testified that he was secretary of the district township and of the board of directors; that he signed the order on the day of its date, and the president signed it the same day; that he had the records of the district township and had examined them carefully and could not find any entry of any vote or authority given by the electors for the purchase of the furniture, two extension desks, for which the order was given. The plaintiffs then read a deposition showing that the defendant, as agent for the district township made the contract with plaintiffs for the purchase of the desks, and procured the execution and delivery to plaintiffs of the school order; that the obligation sued on was written, and signed on the back of the school order while it was in blank and unexecuted; afterward, but on the same day, it was executed and delivered. This was all the evidence. Under the instructions of the court the jury found for defendant. The plaintiffs appeal.

*Harbert & Clark* for the appellants.

*Withrow & Wright* for the appellees.

COLE, J. — The court gave to the jury four instructions — they all amount substantially to this: "If the jury find that the contract sued on is a guaranty of the school order, written on the opposite side, and was obtained with the expectation that it would be so written, and that no vote of the electors was had authorizing the issuance of the order or the purchase of the furniture, then the order is invalid and the defendant is not liable." These instructions ignore important principles of law and material elements of fact involved in the case. For instance, if the defendant, as agent for the district township for the purchase of the furniture, made the contract and obtained the furniture (as appears from the testimony was the case), then, unless he had authority to and did bind his

principal, he is himself bound. Story on Agency, § 264, and cases there cited; 1 Pars. on Contr. (6th ed.) 65-6-7, and authorities cited in the notes.

Again, a guaranty is a contract by one person to another for the fulfillment of a promise of a third person; but here the promise by the defendant is different from the obligation specified in the instrument which he claims he guaranteed. His promise is to pay at a different place and different time, and when the interest is considered it is a different amount. We do not say that it is impossible to make a valid guarantee by one to another for the fulfillment in part of a promise by a third, but we do say and hold that it is not competent for a guarantor in writing, of the payment of a specified sum at a certain time and place, to show by parol that his obligation was that of guaranty for the fulfillment by a third party of a promise to pay the same or a different sum at another time and place.

The instrument sued on is in writing and may not be varied by parol, and its proper construction was for the court, who should have said to the jury that it is an original promise for the payment of the sums named and at the time mentioned. We do not, therefore, discuss whether the school order is invalid, nor, if it is, what are the liabilities of a guarantor of it.

Reversed.