# IRA A. SNOW *v.* HORATIO N. HIX.

*Attorney.　Indemnifying Officer.　Agent.　Consideration.*

1. There is no consideration for the promise of an attorney to indemnify a sheriff who had sold property on an execution, and turned the avails over to the attorney or his client, the execution creditor.
2. The rule, that, if an agent fails to bind his principal, he binds himself, does not prevail when the agent fully discloses his principal, the extent and limitations of his authority, and both he and the other party, enter into the contract from which the agent is not expected to, and does not, derive any benefit, under a *mutual mistake* in regard to the authority of the agent.　In such a case the agent is not liable.

ASSUMPSIT.　Heard by the court, September Term, 1881, TAFT, J., presiding.　Judgment for the defendant.

The defendant, in March, 1874, was and had been for a long time, an attorney practicing his profession.　The plaintiff was a sheriff.　It appeared that the defendant was attorney for two parties—firms; that he held their claims to be secured against one A. F. Chase; that he made two writs, one returnable to a justice and the other to the County Court, and gave them to the plaintiff with directions to serve them upon Chase, by attaching, among a large number of other things, a quantity of lumber; that the defendant's clients directed him to secure the claims by attachment; that plaintiff made the attachments in accordance with the directions; that judgment was rendered in the justice suit, execution issued, the attached property sold by the plaintiff July 2d, 1874, and the money paid over to the defendant; and that he accounted to the creditor.

On the 26th day of August, 1874, Jacob Chase, the father of said A. F., brought a suit in trespass against said Snow to recover the value of said lumber, together with the value of numerous other articles of personal property which said Snow had taken upon other writs of attachment, in favor of other plaintiffs and against said A. F. some months previous to March 24th, 1874, a part of which writs had been made and placed in said officer's

hands by said Hix as attorney for the respective plaintiffs therein, and a part by other attorneys. On said 26th day of August, said Jacob caused his said writ to be served upon said Snow. That until the service of said writ said Snow had no knowledge or intimation that any one except said A. F. Chase claimed any title or interest in or to any of the property specified in the writ of *Jacob Chase* v. *Snow*, and had never asked any indemnity from any one. Said officer lived in the immediate vicinity where said property was situated when attached, and understood and believed that it belonged to said A. F. Chase.

Snow was not at home when said Jacob's writ was served upon him. After his return home, said Snow took his copy which had been served upon him in said suit and showed it to said Hix, which was the first knowledge or intimation received by Hix that any one but A. F. Chase claimed any title or interest to or in said property at the time the same was respectively attached or sold as above stated. Hix told Snow when he looked at said copy that it was all right," to give himself no uneasiness about it, and he would help him out of it or see him out of it.

Said Jacob Chase finally recovered judgment against the plaintiff for $178.24. The other facts are stated in the opinion.

*Martin & Eddy*, for the plaintiff.

Hix promised to indemnify Snow against liability in the suit which Chase brought against him. Was that promise valid and binding? We see no reason why it was not. It was not collateral so to come within the statute. De Colyer Prin. and Sur. 65.

The performance of service at defendant's request, on faith of his promise to pay, creates a direct original indebtedness, although services were solely for the benefit of the third person, though the fact might create a liability on the part of a third person. *Eddy* v. *Davidson*, 42 Vt. 56 ; *Bagley* v. *Moulton*, 42 Vt. 184.

An attorney, without special authority from his client, may not direct the levy upon or taking of goods upon process, and if he does this, his act is in excess of his general powers and cannot render his client liable. Weeks on Attorneys-at-Law, 384 ; *Welsh*

v. *Cochran*, 63 N. Y. 181 ; *Averill* v. *Williams*, 4 Denio, 295. An agent is only allowed to bind his principal by such acts as are necessary, and are usually done to carry into effect the act to be performed. Chitty on Con. 219.

The direction which Hix gave, and the promise of indemnity which he made, were both unnecessary and unusual. If an agent exceeds his authority, he is personally responsible. Chitty on Con. 227 ; *Clark* v. *Foster*, 8 Vt. 98 ; *Roberts* v. *Button*, 14 Vt. 135.

*O. E. Butterfield*, for the defendant.

The defendant insists that under the declaration in this case the plaintiff is not entitled to recover, unless the court should hold that whenever an attorney, acting in behalf of his client, places a writ in the hands of an officer with directions to attach property, the attorney, by such act, makes himself personally liable to indemnify and save harmless the officer from all costs, damage and expense which he might and should thereafter suffer in case it should turn out that the property attached was not owned by the defendant in said writ. The defendant acted as agent and attorney of Bradford & Co. and Cutler & Co., and this fact was well known to the plaintiff, at the time he received the writs. No elementary principle of law is better established than the rule that an agent under such circumstances is not liable. Paley Agency, 289 ; 1 Parsons on Con. 51 *et seq. ;* 2 Kent Com. 804, (629) ; *Sargeant* v. *Pettibone*, 1 Aik. 355 ; *Wires* v. *Briggs*, 5 Vt. 101 ; *Hall* v. *Huntoon*, 17 Vt. 244. There was no consideration. *Flagg* v. *Walker*, Brayt. 24 ; *Hawley* v. *Farrar*, 1 Vt. 420 ; *Bates* v. *Starr*, 2 Vt. 536 ; *Barlow* v. *Smith*, 4 Vt. 139 ; *Rix* v. *Adams*, 9 Vt. 233 ; *Harding* v. *Cragie*, 8 Vt. 501 ; *Pomeroy* v. *Slade*, 16 Vt. 220 ; *Hurlburt* v, *Chittenden*, 26 Vt. 52 ; *Cole* v. *Shurtleff*, 41 Vt. 31.

The opinion of the court was delivered by

Ross, J. On the facts agreed upon by the parties, and the additional facts found by the County Court, the judgment for the defendant rendered by that court must be affirmed. It is tacitly

conceded by the plaintiff's counsel that if the defendant promised to indemnify the plaintiff against the claim and suit of Jacob Chase for the lumber which the plaintiff had attached as the property of Abram F. Chase, such promise would be within the operation of the Statute of Frauds, and not enforceable because not in writing, if it was collateral to the liability of the creditors, on whose suits the lumber was attached. Hence, they claim to hold the defendant on a personal undertaking to indemnify the plaintiff. But no such personal undertaking is found. In the agreed case it is stated that the defendant understood that he was speaking and acting as the attorney of the plaintiff when, on being shown the writ in favor of Jacob Chase against the plaintiff, he told the plaintiff " to give himself no uneasiness about it, and he would help him out of it, or see him out of it." The court have found that, from what was then said by Hix, the plaintiff " understood, and had good reason to understand, and was justified in understanding . . that he would be indemnified and saved harmless in the matter . . . and that Hix in what he did and said in respect to such matters was acting as counsel for the plaintiffs in the suits " on which the lumber had been attached. Hence, the plaintiff did not understand, nor have a right to understand, that the defendant undertook personally to indemnify him. It is contended by the plaintiff's counsel that the defendant, by reason of his office of attorney for the attaching creditors, had no authority to bind them, and so bound himself, on the plaintiff's understanding of what Hix said about indemnifying him. How far an attorney has power to bind his client to indemnify the officer who is making an attachment in the client's favor, we have no occasion to inquire or decide. If the indemnity was thus given by the attorney, before, or at the time, the attachment was made, and the client knowing thereof availed himself of the attachment, doubtless he would be bound by the action of his attorney in that behalf. But it is much more questionable whether an attorney could bind his client by a promise to indemnify an officer who had, without asking for an indemnity, attached and sold the property, and paid over the avails thereof to the attaching creditor as his attorney, as in this case. Assuming, as the

plaintiff's counsel do, that Hix could not legally bind his clients, the attaching creditors, to indemnify the plaintiff under the facts and circumstances disclosed, it does not necessarily follow that he thereby bound himself to indemnify the plaintiff.   The attachment was not beneficial to the defendant.   The plaintiff understood, as found by the court, that what the defendant said about " helping him out of it, or seeing him out of it," he said as counsel of the attaching creditors, and, as we understand the exceptions, by virtue of his authority as such counsel, independent of any other authority to bind them to indemnify him.   The plaintiff, therefore, knew the precise authority, and the extent of it, which the defendant had to bind the attaching creditors.   The ground of an agent's liability, where he discloses his principal, but fails to bind him for want of authority, is, that his undertaking to act in the capacity of an agent is an implied guaranty that he has authority to bind his principal to the full extent to which he undertakes to bind him, and that thereby the party contracting with him on the representation thus made by the agent, that he is empowered to bind his principal, is misled to his damage, unless the agent is held to make good and fulfil the unauthorized contract.   Story Agency, s. 265, *et seq.*   But if the agent acts in good faith, but fails to bind his principal, because of the death of the principal, unknown alike to him and the other party to the contract, the agent is not liable therefor.   If damage result to the other contracting party it is held to have resulted from a mutual mistake, for which the agent is no more liable than the other party. Story Agency, *supra.*   So, too, when the agent fully discloses his principal and the extent and limitations of his authority, and both, he and the other party, enter into a contract from which the agent is not expected to, and does not, derive any benefit, under a mutual mistake in regard to the authority of the agent to bind his principal, there would seem to be no good ground for holding that the agent's want of authority should, in such a case, render him personally liable for the fulfilment of the contract.   It has so been held by this court in *Paddock* v. *Kittredge*, 31 Vt. 378.   Other authorities to the same effect are not wanting. Wharton Agency, ss. 530, 531 ; *Jones* v. *Dowman*, 4 Q. B., 235 ; *Smout* v. *Ilbery*, 10 M. & W. 1 ; *Aspinwall* v. *Tor-*

*rance*, 1 Lansing, 381 ; *Tiller* v. *Spradley*, 39 Ga. 35 ; *Newman* v. *Sylvester*, 42 Ind. 106 ; *McCubbin* v. *Graham*, 4 Kan. 397. Such a case does not fall within the reason of the general rule, which holds that an agent who fails to bind his principal, binds himself. Hence, on the facts found, as we understand them, and on the assumption of the plaintiff's counsel that the defendant failed to bind his clients, the attaching creditors, he did not bind himself to indemnify the plaintiff.

But if the foregoing ground for affirming the judgment of the County Court were questionable, there is another sufficient ground for its affirmance. There is no consideration for the promised indemnity. When the interview was had between the plaintiff and defendant, out of which the promise of indemnity is claimed to have arisen, the liability of the plaintiff to Jacob Chase had become fully fixed. He therefore incurred no liability on the strength of the promise ; nor, so far as is disclosed, did he in the least change his course of action by reason thereof. The original attachment and sale were not for the benefit, nor in the interest of the defendant, nor did any benefit, express or implied, accrue to him nor to his clients out of the promised indemnity. The promise was, therefore, without consideration, and not actionable.

The judgment of the County Court is affirmed.