A. B. WILLETT, Appellant, v. S. YOUNG *et al.*, Appellees.

1. **Written Orders:** SIGNATURE OF OFFICIALS : PERSONAL LIABILITY. A written order addressed by the trustees of a township to the township clerk for the payment of money to a person named therein, and signed by the individual names of the trustees, followed by the word trustees, does not impose upon the trustees any personal liability if such order is not paid upon presentation to the clerk.

2. **Municipal Officers:** ULTRA VIRES: PERSONAL LIABILITY. The fact that the township trustees knew such order was invalid when given, because they had exceeded their authority as trustees in making the purchase which it represented, would not render them personally liable either upon the order, or for damages.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, FEBRUARY 9, 1891.

ACTION upon an order executed by the defendants, who were trustees of Milford township, in Story county, and directed to the clerk of said township for payment

out of the general township fund. A demurrer to the petition was sustained, and a judgment rendered for the defendants for costs. The plaintiff appeals.—*Affirmed.*

*J. W. Willett,* for appellant.

*Funson & Gifford* and *F. D. Thompson,* for appellees.

ROTHROCK, J.—I. The order upon which the suit was brought was in these words:

"OFFICE OF THE BOARD OF TRUSTEES OF THE  
TOWNSHIP OF MILFORD, June 30, 1877.  
"STATE OF IOWA, STORY COUNTY.

"*To the Clerk of said Township:*

"Pay to the Wauchope Grader Company, or bearer, three hundred and seventy-five dollars, out of the general township fund, at the office of the county treasurer. Payable on or before April 1, 1879, with interest at ten per cent. per annum. $375.

·" S. YOUNG [ Trustees' Order ].  
"F. T. McLAIN,  
" J. T. CARPENTER,  
"Trustees."

The petition is in two counts. In the first count it is averred that the defendants bound themselves to

1. WRITTEN orders: signature of officials: personal liability.

pay the order if the clerk of the township should fail to pay the same, and that when the instrument became due it was presented to said clerk for payment, and payment was refused. It is not claimed that the order is a negotiable instrument. If the plaintiff intended to make such a claim he would have averred not only a demand and refusal to pay, but a notice of the demand and refusal to the defendants. The cause is argued upon the theory that, upon the face of the instrument, the defendants undertook to and did bind themselves personally to make payment if the clerk did not pay. The instrument will bear no such construction. By its terms it plainly imports that the defendants made the order as trustees of the township, and attempted to bind the township

thereby. Counsel for the appellant cite the cases of *Wing v. Glick*, 56 Iowa, 473 ; *Revolving-Scraper Co. v. Tuttle*, 61 Iowa, 423, and *Heffner v. Brownell*, 70 Iowa, 591, as authority for holding that the order in suit is the personal obligation of the defendants. We think the cited cases were founded upon instruments of an entirely different character. They were instruments which appeared to be the personal undertaking of the parties signing them, and the only ground upon which it was claimed they were not personally liable was that after the individual name of each signer there was some such word as "trustee," "president" or the like. In the case at bar it is manifest from the whole instrument that there was no intention to assume a personal liability,

II.   It is averred in the second count of the petition that the written order was given in part payment for a

2. MUNICIPAL officers: ultra vires: personal liability. Wauchope road grader which was delivered by the plaintiff's assignor to the township and to the defendants ; that the defendants had no power or authority to purchase said grader on credit ; and that they had not set apart a portion of the road tax for the purchase of tools and machinery ; and that said written instrument, so far as it purported to bind said township, was invalid ; and that, when the defendants executed the same, they knew that they had no authority to buy said grader.

This count of the petition does not set up a good cause of action against the defendants upon the order. If they are liable at all, it must be for deceiving the Wauchope Company by a wilful violation of the obligation resting upon them as trustees. They would not be liable upon the order, because that instrument does not purport to create any liability against them. If liable for a wrong by which the plaintiff or his assignor suffered damages, the action has long since been barred by the statute of limitations, and, even if it had been commenced in proper time, the plaintiff's assignor must be held to have known that the defendants had no power to make the contract, and bind the road fund for its payment. His fraud and wrong would equal that of the

defendants, in that both of the parties to the scheme would be held to be conspirators seeking to impose an illegal burden upon the taxpayers of the township, and the law would probably leave them precisely where they placed themselves. These principles are but the statements of elementary propositions which no one will gainsay. We have not set out the grounds of demurrer. It is sufficient to say that they properly raise the questions which we have discussed.

The judgment of the district court is AFFIRMED.