108  357
o110  279

108  357
f125  42
125  44

---

OSCAR THILMANY, Appellant, v. THE IOWA PAPER BAG COMPANY and WILLIAM DAGGETT.

**Contracts:** CONSTRUCTION: *Principal or agent.* A contract signed, "Iowa National Bank, by William Daggett," is the contract of the bank, and not of the party making the signature; and this construction is not affected by the use of the pronouns "we" and "our" in the contract.

LIABILITY OF AGENT. Since there is no implied warranty by an agent that his principal has authority to contract, an officer or agent of a national bank, acting within the scope of his authority, cannot be held personally liable upon a contract of guaranty made on behalf of the bank, but which is in excess of the power of the bank to make.

**Evidence:** CONSTRUCTION OF GUARANTY: *Admissibility.* Letters written by a guarantee to his guarantor subsequent to the making of the contract of guaranty, and containing self-serving declarations, are not admissible in evidence, in action upon the guaranty, as an aid to the proper construction of the contract, where such declarations are irrelevant to any issue in the case, and the contract is clear and unambiguous.

HARMLESS EXCLUSION.   Error in excluding from the evidence a letter
containing a contract of guaranty is without prejudice, where the
writing of the letter is admitted by the guarantor.

*Appeal from Wapello District Court.*—Hon. FRANK W.
EICHELBERGER, Judge.

SATURDAY, MAY 13, 1899.

ACTION to recover the purchase price of a car load of
paper shipped to the Iowa Paper-Bag Company. Defendant
Daggett was originally joined in the action brought by the
plaintiff against the paper-bag company and the Iowa
National Bank, decided at the present term of this court.
108 Iowa, 333. His demurrer to the petition in that
case was sustained, and plaintiff thereupon filed a separate petition against Daggett, in which he charged him
(Daggett) with personal liability for the purchase price of
the paper, because of having signed the letter of guaranty
referred to in the case against the bag company and the bank.
A number of defenses were pleaded by defendant, some of
which will be noticed in the body of the opinion. The case
was tried to the court, a jury being waived, resulting in a
judgment dismissing the plaintiff's petition, and he appeals.
—*Affirmed.*

*Senaca Cornell* for appellant.

*McNett & Tisdale* for appellees.

DEEMER, J.—Plaintiff claims that defendant Daggett
is liable on the written guaranty for two reasons: *First,*
because it is his individual contract, was intended to bind
him as well as the bank, and was so received and acted upon
by appellant; *second,* for the reason that, if he intended said
guaranty or letter of credit to be the obligation of the bank
only, he was acting beyond the scope of his authority as vice
president of the bank, and failing to bind the bank, is him-

self liable; as an agent who attempts to bind his principal by a contract he had no authority as such agent to make.

Plaintiff also contends that the court erred in sustaining objections to certain letters written by him to defendant Daggett as vice president of the Iowa National Bank, on the theory that these letters were essential to a proper construction of the guaranty in suit. We think the objections were properly sustained. The letters were written long after the letter of guaranty was sent to plaintiff, and, as it is clear and unambiguous in its terms, they were simply self-serving declarations, irrelevant to any issue in the case. The letter of guaranty was also offered in evidence by plaintiff, but objection thereto was sustained. As defendant Daggett admitted the writing of the letter, the ruling denying its admission was without prejudice.

We now turn to the main points in the case, and first to the proposition that defendant Daggett is liable because of the form of the guaranty. It is signed, "Iowa National Bank, by William Daggett, V. P." Clearly, this is an obligation of the company; and the form of the signature just as clearly indicates that Daggett signed it in a representative capacity, and not as an individual. To hold that the contract binds Daggett personally, we must eliminate the preposition "by," and hold that the initials "V. P." are "descriptio personae." This we cannot do, as it is not our province to make contracts for parties. The use of the pronouns "we" and "our" in the letter of guaranty is of no significance. They are often used in referring to a corporation as a collection of individuals. There is no question in our minds but that all parties to this contract regarded it as the obligation of the bank, and not of the defendant Daggett in his individual capacity; and, as this is the proper legal construction of the instrument, nothing further need be said on the first proposition urged by appellant's counsel.

II. As to the second proposition, the rule has been broadly stated over and over again that when an agent con-

tracts in excess of his authority, or acts without authority, or assumes to have authority when he has none, or for any reason fails to bind his principal, he is himself bound. *Winter v. Hite,* 3 Iowa, 142; *Allen v. Pegram,* 16 Iowa, 163; *Andrews v. Tedford,* 37 Iowa, 314; *Lewis v. Tilton,* 64 Iowa, 220. That this is the general rule must be conceded, and, as applied to the facts of the cited cases, it is correct. But, like nearly every other general rule, it is subject to exceptions, some of which we will notice. The reasons generally given for the rule are: *First.* That, as the agent assumes to represent a principal, he cannot be heard to say that he had no authority, or that there was in fact no principal to be bound; for, if he assumes to represent another, he impliedly warrants that there is such another, and that he has authority to represent him. If, then, there is no principal, or the agent has no authority to act for him, an action will lie for deceit or misrepresentation. *Second.* The law assumes that the contract was intended to bind some one, and, if the principal is not bound, the contract must be that of the agent. This last rule is generally applied to executed contracts. In such cases action will lie for benefits received by the agent. Some cases go to the extent of rejecting all parts of the contract relating to the obligation of the principal, and then treat it as the personal contract of the agent. As illustrating this rule, see *Byars v. Doors,* 20 Mo. 284; *Woodes v. Dennett,* 9 N. H. 55; *Terwilliger v. Murphy,* 104 Ind. 32 (3 N. E. Rep. 404). A third reason for the rule is that the agent impliedly warrants his authority to act for his principal, and, if he has no such power, an action lies for breach of warranty. Now, it is apparent that if the party with whom the agent contracts has notice of the facts relating to the authority of the agent, and is as fully advised as to his authority as the agent himself, there can be no action for deceit. And so the text writers have generally stated this as an exception to the general rule. Mechem on Agency, at sections 545 and 546, thus states the law: "Sec. 545. * * * Of course,

if the other party knew, or by the exercise of reasonable care might have discovered, the want of authority, he cannot recover. This implied warranty by the agent of his authority must ordinarily be limited to its existence as a matter of fact, and not be held to include a warranty of its adequacy or sufficiency in point of law. "Sec. 546. Where Agent Discloses All the Facts Relating to His Authority. Where, however, the agent, acting in good faith, fully discloses to the other party at the time all the facts and circumstances touching the authority under which he assumes to act, so that the other party, from such information or otherwise, is fully informed as to the existence and extent of his authority, he cannot be held liable. It is material, in these cases, that the party claiming a want of authority in the agent should be ignorant of the truth touching the agency. If he has full knowledge of the facts, or of such facts as are sufficient to put him upon inquiry, and he fails to avail himself of such knowledge, or of the means of knowledge reasonably accessible to him, he cannot say that he was misled, simply on the ground that the other assumed to act as agent without authority. Of course, if the agent conceals or misrepresents material facts, to the detriment of the other party, he cannot claim exemption." Judge Story, in his valuable work on Agency (section 265) says: "This doctrine, however, as to the liability of the agent, where he contracts in the name and for the benefit of the principal, without having due authority, is founded upon the supposition that the want of authority is unknown to the other party, or, if known, that the agent undertakes to guaranty a ratification of the act by the principal. But circumstances may arise in which the agent would not or might not be held to be personally liable, if he acted without authority, if that want of authority was known to both parties or unknown to both parties." Abundant authorities are cited by each author in support of these propositions. The same thought is equally applicable to the third reason above given for the general rule. And it may be further said that the implied warranty of the agent does not relate to the power of

the principal to enter into the particular contract. He simply covenants that he has authority to act for his principal, not that the act of the principal is legal and binding. Hence it has been justly said that the contract must be one which the law would enforce against the principal, if it had been authorized by him, else the anomaly would exist of giving a right of action against an assumed agent for an unauthorized representation of his power to make the contract, when a breach of the contract itself, if it had been authorized, would have furnished no ground of action against the principal. *Abeles v. Cochran,* 22 Kan. 406; *Baltzen v. Nicolay,* 53 N. Y. 467; Mechem Agency, section 548; *Snow v. Hix,* 54 Vt. 478. In the case now under consideration the defendant Daggett made no representations as to his authority, save that contained in the letter itself. He is guilty of no actionable deceit, unless it be found in the fact that he signed the letter of guaranty as vice president, and thus represented that he had authority to represent his bank. He had this authority, if any officer of a national bank has it, for no question is made as to his authority to represent the bank in the making of any contract it is authorized to execute. The action is not, then, based upon any misrepresentation as to his authority, but upon the invalidity of the contract itself as between plaintiff and the bank. There was no actionable deceit, for the plaintiff is presumed to know as much about the powers of national banks as the defendant. There is, as we have said, no implied warranty by an agent that his principal has authority to make the contract. As a rule, that is a question of law, of which each party has equal knowledge. In the case against the bank we held that national banks have no authority to enter into such contracts, and as the plaintiff has no right of action against the bank upon a contract of guaranty, such as the one in suit, no recovery should be permitted against the agent; for this would hold every agent to a warranty of legality of his principal's contracts. As we have seen, this is not the obligation of the agent. The second reason sometimes given for the

general rule of liability of the agent does not appear to us to be sound. By the application of this principle a new contract is made for the parties. An engagement is created which the parties did not intend to assume, and the decided weight of authority is against such rule. See *Hall v. Crandall,* 29 Cal. 568; *Ogden v. Raymond,* 22 Conn. 379; *Duncan v. Niles,* 32 Ill. 532; *Stetson v. Patten,* 2 Me. 358; *Abbey v. Chase,* 6 Cush. 56; *White v. Madison,* 26 N. Y. 117; *McCurdy v. Rogers,* 21 Wis. 199. We should be slow to adopt any rule which would bind a party who did not by the terms of his contract agree to become responsible. Indeed, the question seems to be put at rest, so far as this court is concerned, in *Willett v. Young,* 82 Iowa, 292. The rules herein announced are not in conflict with any of the previous decisions of this court. The case of *Winter v. Hite, supra,* related to the contract of an executrix, and it is there said that such cases should not be confounded with those of agency. In the case of *Andrews v. Tedford, supra,* the question was left undecided. *Allen v. Pegram* was an action against an agent who assumed to act for a principal that had no existence; and so was *Lewis v. Tilton,* 64 Iowa, 220. These cases come clearly within the general rule first announced. In other cases cited by appellant's counsel the agent was held liable because of the form of his signature. They have no application to the question before us. We do not think that Daggett, the agent is personally liable, under the facts disclosed, and the judgment is AFFIRMED.