R. M. Browne, *Surviving Co-tenant, etc. v.* Edgar S. Hare

(No. 7257)

Submitted October 11, 1932.   Decided October 25, 1932.

*Hall, Goodwin & Paul,* for plaintiff in error.
*Riley & Riley,* for defendant in error.

Litz, Judge:

November 15, 1921, plaintiff, R. M. Browne, and A. G. Browne, as co-owners of a business building in the city of Wheeling, leased a portion thereof to The Steam Electric Engineering Company, a corporation, for a period of 61 months at a monthly rental of $300.00.   By written agreement dated September 1, 1925, the lessors consented to an assignment of the lease by the lessee to The Home Electric Appliance Company, a corporation.   The agreement purports to have been also executed on behalf of William Hare's Sons Company, a corporation, (by its president, E. S. Hare), as guarantor, insuring the fulfillment of the obligations in the lease assumed by The Home Electric Appliance Company. This action was brought against E. S. Hare upon the theory that he was not authorized to execute the contract on behalf of William Hare's Sons Company, and that he is therefore liable to plaintiff on an implied warranty of such authority for alleged defaults of The Home Electric Appliance Com-

pany. From the judgment entered upon a verdict in favor of plaintiff against defendant for $437.09, defendant prosecutes error.

The chief ground of defense is that William Hare's Sons Company could not under the law become guarantor for the obligations of The Home Electric Appliance Company, and that the defendant is, therefore, not liable whether he was or not authorized by his corporation to execute the contract guaranty on its behalf. This doctrine is firmly established. "No corporation shall * * * become surety or guarantor for the debt or default of" another corporation. Section 3, chapter 52, Code 1923.

"An agent will not be liable * * * where he makes an unauthorized contract for an assumed principal, unless the contract is one that could have been enforced against the principal if authorized. Or in other words: In order to make the agent liable in such a case, the unauthorized contract must be one which the law would enforce against the principal if it had been authorized by him. 'Otherwise the anomaly would exist of giving a right of action against the assumed agent for an unauthorized representation of his power to make a contract, when the breach of the contract itself, if he had been authorized to make it, would have furnished no ground of action.' " Clark & Syles, Law of Agency, section 583; citing *Baltzen* v. *Nicolay*, 53 N. Y. 467; *Dung* v. *Parker*, 52 N. Y. 494; *Thilmany* v. *Iowa Paper Bag Co.*, 108 Iowa 357, 75 Am. St. Rep. 259; *Snow* v. *Hix*, 54 Vt. 478.

The judgment of the circuit court is reversed, verdict set aside and the case remanded.

*Reversed and remanded.*