# IN THE COURT OF APPEALS OF IOWA

No. 20-0972
Filed August 18, 2021

**BORST BROTHERS CONSTRUCTION, INC.,**
    Plaintiff-Appellee,

**vs.**

**FINANCE OF AMERICA COMMERCIAL, INC.,**
    Defendant-Appellant.

_____

**FINANCE OF AMERICA COMMERCIAL, INC.,**
    Plaintiff-Appellant/Cross-Appellee

**vs.**

**THOMAS DOSTAL DEVELOPERS, INC., and RANDY T. DOSTAL,**
    Appellees/Cross-Appellants.

**and**

**KELLY CONCRETE COMPANY, INC., AFFORDABLE HEATING AND COOLING, INC., 5 STAR PLUMBING, INC., and BORST BROTHERS CONSTRUCTION, INC.,**
    Defendants-Appellees.

_____

**BORST BROTHERS CONSTRUCTION, INC.,**
    Plaintiff-Appellee

**vs.**

**FINANCE OF AMERICA COMMERCIAL, LLC,**
    Defendant-Appellant.

_____

**FINANCE OF AMERICA COMMERCIAL, LLC,**
    Plaintiff-Appellee

**vs.**

**THOMAS DOSTAL DEVELOPERS, INC., and RANDY T. DOSTAL**
    Defendants-Appellants

**and**

**KELLY CONCRETE COMPANY, INC., DARNELL HOLDINGS, LLC d/b/a DARNELL CONSTRUCTION, AFFORDABLE HEATING AND COOLING, INC., 5 STAR PLUMBING, INC., BORST BROTHERS CONSTRUCTION, INC., and KEN-WAY EXCAVATING SERVICE, INC.,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly, Judge.

Finance of America Commercial, LLC appeals the district court's trial ruling and award of attorney fees. Thomas Dostal Developers, Inc., and Randy T. Dostal cross-appeal the district court's trial ruling and award of attorney fees. **AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

John F. Fatino of Whitfield & Eddy, P.L.C., Des Moines, for appellant Finance of America Commercial, LLC.

Matthew L. Preston, David T. Meyers (until withdrawal), and Brad J. Brady of Brady Preston Gronlund PC, Cedar Rapids, for appellee Borst Brothers Construction, Inc.

S.P. DeVolder of The DeVolder Law Firm, P.L.L.C, Norwalk, for appellees/cross-appellants.

William H. Roemerman of Elderkin & Pirnie, P.L.C, Cedar Rapids, for appellee Kelly Concrete Co., Inc.

Heard by Vaitheswaran, P.J., Schumacher, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021)

**VAITHESWARAN, Presiding Judge.**

This appeal and cross-appeal from consolidated foreclosure actions raises issues of lien validity and priority, guarantor liability, attorney fees, hearsay, and notice.

Thomas Dostal Developers, Inc. (Dostal Developers) obtained five commercial loans from Finance of America Commercial, LLC (FAC) in connection with a residential construction project in Cedar Rapids, Iowa, known as "Hawks Point, Seventh Addition." The loans were guarantied by Randy Dostal and were secured by mortgages on specified real estate. FAC stipulated that the mortgages were executed on November 10, 2017, and recorded on November 13, 2017. In time, FAC notified Dostal Developers that the company had defaulted on the loans. Dostal Developers did not cure the defaults, and FAC filed suit on the notes and guaranties and sought foreclosure of the mortgages.

Meanwhile, Dostal Developers contracted with Borst Bros. Construction, Inc. (Borst) to furnish labor and materials. Borst worked from July 3, 2017, through December 19, 2017. Borst posted a statutory notice of commencement of work to the Iowa Mechanic's Notice and Lien Registry (MNLR) on February 2, 2018, and a statutory preliminary notice on November 8, 2018. Borst then filed a petition to foreclose its mechanic's lien in the amount of $143,316.59 and for attorney fees. FAC moved to dismiss the petition for failure to state a claim. The district court denied the motion. The action was consolidated with FAC's action.

Dostal Developers also contracted with Kelly Concrete Co., Inc. (Kelly) to furnish labor and services. Kelly began providing services in September 2017,

and its final work day was January 15, 2018.[1] Kelly filed its notice of commencement of work and a preliminary notice on February 1, 2018. Kelly was named in FAC's and Borst's lawsuits. The company filed answers, cross-claims, and counterclaims seeking an in rem judgment of $39,236.21, foreclosure of its mechanic's liens, and "first priority" superior to the liens of other parties. Kelly also sought attorney fees.

FAC filed a motion for summary judgment, asserting Borst could not "lien for work performed prior to the posting of the [n]otice of [c]ommencement" and, if the liens were valid, they were "junior and inferior" to its mortgages. The district court denied the motion. Following a bench trial, the court concluded FAC was "not required to provide any notice to Dostal Developers of Default before accelerating the balances due and owing" but did so nonetheless. The court further concluded FAC was "entitled to enforce and foreclose on its five promissory notes and mortgages." The court next addressed Borst's mechanic's liens and concluded they were "superior in priority to FAC's mortgages." With respect to Kelly, the district court found the company was "entitled to enforce" its mechanic's liens against four lots.[2] The court concluded Kelly's mechanic's liens were superior to Borst's because they were posted earlier. The court declined to hold Randy Dostal individually liable under the guaranty agreements. The court later granted

---

[1] Although December 19, 2017, was listed as the last date Kelly generated an invoice, the record contains evidence that Kelly had workers at the site on January 15, 2018, if only for "a couple hours." The district court adopted the January 15, 2018 date. FAC does not challenge the court's finding.

[2] The court concluded Kelly could not enforce its mechanic's lien on a fifth lot because no notice of commencement with respect to that lot appeared on the MNLR.

Borst attorney fees in the amount of $89,843.50, Kelly attorney fees of $30,997.44, and FAC attorney fees of $39,869.62. FAC appealed both rulings. Dostal Developers and Randy Dostal cross-appealed.

## I. Validity and Priority of Mechanic's Liens

A general contractor or owner-builder who has contracted or will contract with a subcontractor "shall" post a notice of commencement of work to the MNLR within ten days of commencement of work on the property. *See* Iowa Code § 572.13A(1) (2018).[3] If a general contractor or owner-builder fails to post the notice within the prescribed time frame, "a subcontractor *may* post the notice in conjunction with the filing of the required preliminary notice pursuant to section

---

[3] The provision states in full:

> 1. Either a general contractor, or an owner-builder who has contracted or will contract with a subcontractor to provide labor or furnish material for the property, shall post a notice of commencement of work to the mechanics' notice and lien registry internet site no later than ten days after the commencement of work on the property. A notice of commencement of work is effective only as to any labor, service, equipment, or material furnished to the property subsequent to the posting of the notice of commencement of work.

Iowa Code § 572.13A(1).

572.13B."[4]  *Id.* § 572.13A(2).  Subcontractors must identify themselves on the MNLR by filing a "preliminary notice."  *Id.* § 572.13B(1).[5]

FAC reads these provisions to mean that a subcontractor must post a notice of commencement of work within ten days of beginning work on a project and "work performed by the subcontractor prior to the posting of the notice of commencement is not subject to any subsequent mechanic's lien even if the subcontractor later posts a preliminary notice."  FAC asserts "no lien claimant posted to the MNLR a notice of commencement, preliminary notice or lien within 10 days of commencement of the work on the properties" and "no lien claimant posted to the MNLR a notice of commencement or preliminary notice within 10 days of the commencement of *its own work*."  In its view, "[b]y filing their Notices of Commencement long after the 10-day period, Borst and Kelly failed to comply with section 572.13A, and prohibited any opportunity to perfect mechanic's liens."  A plain reading of these provisions leads us to a different conclusion.

---

[4] The provision states in full:

> 2. If a general contractor or owner-builder fails to post the required notice of commencement of work to the [MNLR] internet website pursuant to subsection 1, within ten days of commencement of the work on the property, a subcontractor may post the notice in conjunction with the filing of the required preliminary notice pursuant to section 572.13B.  A notice of commencement of work must be posted to the mechanics' notice and lien registry internet website before preliminary notices pursuant to section 572.13B may be posted.

Iowa Code § 572.13(A)(2).

[5] The provision states:

> 1. A subcontractor *shall post* a preliminary notice to the mechanics' notice and lien registry internet website.  A preliminary notice posted before the balance due is paid to the general contractor or the owner builder is effective as to all labor, service, equipment, and material furnished to the property by the subcontractor.

Iowa Code § 572.13B(1) (emphasis added).

Section 572.13A(1) requires the general contractor/owner-builder—not the subcontractor—to post a notice of commencement of work within ten days of the commencement of work. Section 572.13A(2) allows a subcontractor to make the posting *if* the general contractor/owner-builder does not. A subcontractor would have every incentive to do so because the posting is a prerequisite to its posting of a preliminary notice and, critically, the posting of a preliminary notice is a prerequisite to enforcement of a mechanic's lien. *See* Iowa Code § 572A.13A(2), (4).

In terms of a subcontractor's timing of notices, the subcontractor might not know whether the general contractor/owner-builder satisfied its obligation to post the notice of commencement of work until after the ten-day period set forth in section 572A.13A(1) expires. The subcontractor's first opportunity to post its notice of commencement would be on the eleventh day after commencement of work. As for the preliminary notice, the statute imposes no obligation on the subcontractor to post that notice within ten days of commencing work. The only time limit specified in the statute is posting before the balance due is paid to the general contractor. *See id.* § 572.13B(1).

The district court read the statute as we have and then applied the statute as follows:

> Borst started to perform labor and/or materials on July 3, 2017 and the last day Borst furnished labor and/or materials was on December 19, 2017. Based on Borst Exhibit 2, the Court concludes that Borst filed its Notice of Commencement on February 2, 2018 when it filed its Mechanic's Lien and filed its Preliminary Notice on November 8, 2018. Due to Dostal never selling the lots at issue, the Court concludes that Borst posted its Preliminary Notice before the balance was due to Dostal Developers. The Court finds that Borst

complied with the filing and timing requirements of a subcontractor pursuant to Iowa Code §§ 572.13A and 572.13B.

. . . .

The Court concludes that January 15, 2018 was the correct last date of furnished labor and materials on Lot 6, 7, and 8 [as to Kelly]. Kelly complied with the requirements pursuant to Iowa Code §§ 572.13A and 572.13B for Lots 5, 6, 7, and 8 by filing the notices of commencement and preliminary notices. The Court finds that Kelly is entitled to enforce its mechanic's liens against Lots 5, 6, 7, and 8 in this matter.

We discern no error in the district court's interpretation of Iowa Code section 572.13. On our de novo review, we further conclude the court's findings of fact and application of law to fact are supported by the record and are equitable. *See Standard Water Control Sys.*, *Inc. v. Jones*, 938 N.W.2d 651, 656 (Iowa 2020) (reviewing issues of statutory interpretation and construction on error but normally reviewing validity of mechanic's lien de novo).

FAC also takes issue with the district court's decision to prioritize the mechanic's liens over its mortgage liens. FAC notes that it recorded mortgages between November 10, 2017, and December 20, 2017, "[y]et each and every Notice of Commencement was posted to the MNLR after December 20, 2017."

Iowa Code section 572.18(1) states:

1. Mechanics' liens posted by a general contractor or subcontractor within ninety days after the date on which the last of the material was furnished or the last of the claimant's labor was performed and for which notices were properly posted to the mechanics' notice and lien registry internet website pursuant to sections 572.13A and 572.13B shall be superior to all other liens which may attach to or upon a building or improvement and to the land upon which it is situated, *except liens of record prior to the time of the original commencement of the claimant's work or the claimant's improvements*, except as provided in subsection 2.[6]

---

[6] Iowa Code section 572.18(2) states:
Construction mortgage liens shall be preferred to all mechanics' liens of claimants who commenced their particular work

(Emphasis added.) Under this provision, "[a] mechanic's lien may enjoy priority over another lien if the work for which it is filed was commenced before the competing lien was recorded." *Dewitt Bank & Tr. Co. v. Monarch Dev. Co.*, No. 98-1921, 2000 WL 328040, at *2 (Iowa Ct. App. Mar. 29, 2000); *see also Metro. Fed. Bank of Iowa v. A.J. Allen Mech. Contractors, Inc.*, 477 N.W.2d 668, 671 (Iowa 1991) ("The lien arises on the day work commences under the contract, and attaches for all services and materials furnished."); *Nw. Nat'l Bank of Sioux City v. Metro Ctr., Inc.*, 303 N.W.2d 395, 398 (Iowa 1981) ("[T]he mechanic's lien arises upon furnishing of labor or material; not upon its filing.").

As discussed above, Borst and Kelly began their work in July and September 2017 respectively, well before FAC recorded its mortgages. A plain reading of section 572.18(1) affords the mechanic's lien holders priority over FAC. We discern no error in the district court's interpretation of the statute, and on our de novo review we conclude the court acted equitably in granting the liens of Borst and Kelly priority over the mortgages of FAC. We further conclude the court did not err in granting Kelly's liens on the four lots priority over Borst's liens. *See* Iowa Code §§ 572.8, .17.

---

or improvement *subsequent to the date of the recording of the construction mortgage lien*. For purposes of this section, a lien is a "*construction mortgage lien*" to the extent that it secures loans or advancements made to directly finance work or improvements upon the real estate which secures the lien.
(Emphasis added.)

## II.     *Guaranty Agreements*

FAC contends, "Randy Dostal personally guarant[i]ed five commercial mortgage loans FAC[] made to Dostal Developers by signing five guarant[ie]s associated with the loans."  In its view, "The district court . . . erred in holding that Randy Dostal is not personally liable under the Guaranties."

"[A] guaranty is a contract by one person to another person for the fulfillment of a promise of a *third* person."  *City of Davenport v. Shewry Corp.*, 674 N.W.2d 79, 86 (Iowa 2004) (alteration in original) (quoting *Andrews & Co. v. Tedford*, 37 Iowa 314, 316 (1873)); *see also Rabo AgServices*, *Inc. v. Dallas Collins Farm P'ship*, No. 07-1547, 2009 WL 139496, at *2 (Iowa Ct. App. Jan. 22, 2009).  "The extent of a guarantor's obligation must be determined from the parties' written contract."  *Rabo*, 2009 WL 13946, at *2.

As noted, Randy Dostal served as "Guarantor" on the loans made by FAC to Dostal Developers.  "Thomas Dostal Developers Inc." was defined as the "Borrower."   The contract stated Randy Dostal would "jointly and severally, unconditionally, absolutely and irrevocably guarantee, for the benefit of each and every present and future holder or holders of the Note . . . the full and prompt payment to the Obligees at maturity . . . of the indebtedness of the Borrower . . . under and pursuant to the Mortgage."  Dostal signed four of the five agreements individually, and the fifth listed him as guarantor and was signed individually by Thomas Dostal.  These signatures stand in stark contrast to the mortgage agreements, which Randy Dostal signed as president of Thomas Dostal Developers.  The language and the signatures unambiguously establish Randy Dostal's intent to serve as personal guarantor of the loans extended to Dostal

Developers. *See Nat'l Loan Investors*, *L.P. v. Martin*, 488 N.W.2d 163, 168 (Iowa 1992) (concluding the defendant signed the guaranty and personally guarantied the debts according to the terms of the guaranty); *Builders Kitchen & Supply Co. v. Moyer*, No. 09-0194, 2009 WL 2951295, at *3–4 (Iowa Ct. App. Sept. 2, 2009) (concluding an application for credit "expressly bound [the defendant] in both his representative and his individual capacities" and noting a contrary conclusion would "negate" the "language in the agreement" (citations omitted)). We conclude it was error to absolve Randy Dostal of personal liability on the loans. We reverse the district court's order finding the guaranty agreements unenforceable against Randy Dostal individually.

### III.    Attorney Fees

Iowa Code section 572.32(1) allows a prevailing party in a mechanic's lien action to recover "reasonable attorney fees." *See* Iowa Code § 572.32(1); *Standard Water*, 938 N.W.2d at 657. Fee awards are discretionary. *Star Equip., Ltd. v. State, Iowa Dep't of Transp.*, 843 N.W.2d 446, 463 (Iowa 2014). FAC contends, "Should this Court vacate the lien positions of Borst and Kelly . . . the underlying award of attorney fees to Borst and Kelly should be vacated as well." Having affirmed their lien positions, we also affirm the attorney fee awards.

On cross-appeal, Dostal Developers and Randy Dostal challenge the district court's award of attorney fees to FAC. They argue that FAC should not have prevailed on the mortgage foreclosure claim and the arrearage claims. But FAC did prevail on the mortgage foreclosure claims, and, as FAC asserts, proving the guaranty claims required scant additional effort. Accordingly, we conclude the

district court did not abuse its discretion in awarding fees to FAC and in declining to reduce the requested amount at Dostal's request.

## IV.    *Cross Appeal—Admission of Hearsay Evidence*

On cross-appeal, Dostal Developers and Randy Dostal argue the district court improperly admitted hearsay evidence to prove the amounts owing on the FAC notes.  Our review is for errors of law.  *GE Money Bank v. Morales*, 773 N.W.2d 533, 536 (Iowa 2009).

"Hearsay is an out-of-court statement offered in court by a person other than the declarant to prove the truth of the matter asserted."  *Id.* at 538 (citing Iowa R. Evid. 5.801(c)).   The documents FAC sought to introduce were five letters identified as payoff statements prepared two weeks before trial and addressed but never sent to Thomas Dostal Developers, Inc.  FAC appears to concede the documents were hearsay but argues the documents fell within the business records exception to the hearsay rule.  *See* Iowa R. Evid. 5.803(6).   The foundational elements for admission of a document under that exception are:

> (1) That it is a business record;
> (2) That it was made at or near the time of an act;
> (3) That it was made by, or from information transmitted by, a person with knowledge;
> (4) That it was kept in the course of a regularly conducted business activity;
> (5) That it was the regular practice of that business activity to make such a business record.

*State v. Reynolds*, 746 N.W.2d 837, 841 (Iowa 2008) (quoting *Beachel v. Long*, 420 N.W.2d 482, 484 (Iowa Ct. App. 1988)).

Assuming without deciding that the documents did not fall within the business records exception, admission of them was non-prejudicial because the

same evidence entered the record through other means. *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998). Specifically, an FAC witness testified without objection to the figures contained in the documents before the documents were offered or admitted.

## V.        *Cross-Appeal—Notices—Judgment on the Foreclosure Claim*

Dostal Developers contends FAC "failed to accord [it] with adequate-and contractually required-notice of the default (as well as the subsequent acceleration) and let alone accord [it] the required post-notice period to either contest or cure the default." After examining the contract language, the district court concluded otherwise. We discern no error in the court's conclusion that FAC was not contractually obligated to furnish notice. We further find support for the court's statement that FAC provided notice nonetheless.

## V.        *Disposition*

We affirm the district court's judgment of foreclosure in favor of FAC. We affirm the district court's enforcement of Borst's mechanic's liens and the court's conclusion that they have priority over FAC's mortgages. We affirm the district court's enforcement of Kelly's mechanic's liens and the court's conclusion that they are superior to Borst's mechanic's liens. We affirm the attorney fee awards in favor of Borst, Kelly, and FAC. We reverse the district court's conclusion that the guaranty agreements are unenforceable against Randy Dostal individually.

**AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED ON CROSS-APPEAL.**