Boyd *v.* Johnston.

## Boyd *v.* Johnston.

### (*Knoxville.* October 23, 1890.)

1. ADMINISTRATOR. *Personally liable upon note executed for debt of the estate.*

   An administrator is personally liable upon his note executed for a debt of his intestate, although he adds his official designation to his signature.

   Case cited and approved: East Tenn. Iron Co. v. Gaskell, 2 Lea, 742.

2. SAME. *Same. Liability limited to assets.*

   But the personal liability of the administrator is limited, as between original parties, to the creditor's proper *pro rata* of the assets of the estate, where the administrator, without intending to incur any personal liability, executed the note for his intestate's debt solely upon consideration of the assets, then supposed to be sufficient, but which were in fact insufficient, to pay all debts in full.

   Cases cited and approved: 13 Wend., 557; 7 Gratt., 300.

3. SAME. *Same. Burden of proof.*

   Presumption of sufficient assets arises from the execution of the note, and the burden is upon the administrator to rebut this presumption by proof. When this presumption is rebutted, then the burden shifts to the payee to show other sufficient consideration for the note.

4. SAME. *Same. Additional consideration.*

   The surrender by the creditor of a supposed partner's lien or claim upon the assets of the estate, affords no consideration for .extending the administrator's personal liability upon his note beyond the creditor's *pro rata* of those assets, where the evidence fails to show that any distinguishable partnership assets came to the administrator's hands. The partner, in such case, is in no better attitude than general creditors.

---

FROM MONROE.

---

Appeal from Chancery Court of Monroe County. W. H. DeWitt, Sp. Ch.

Boyd *v.* Johnston.

PRITCHARD, SIZER & THOMAS for Boyd.

H. H. TAYLOR and STEPHENS & HICKS for Johnston.

LURTON, J. This case involves the question of the personal liability of Mrs. Boyd upon a note signed by her as administratrix. The note is in these words:

"$561.21.                          OCTOBER 11, 1882.

"For value received I promise to pay J. F. Johnston, or order, $561.21 on demand, with inter-. est from date.

> "(Signed)          LOU R. BOYD, *Adm'x."*

At the time this note was executed Mrs. Boyd was the administratrix of her husband's estate. A suit having been brought at law against her personally, she has filed this bill in equity to enjoin the action. Defendant has answered, and filed a cross-bill praying a decree against her.

The proof shows that Mrs. Boyd supposed the estate in her hands solvent at the time she gave the note. Subsequently it proved insolvent, and proper steps were taken to settle it as such. The assets in her hands will pay only about fifteen cents on the dollar.

It is doubtless true that she supposed she was incurring no personal liability by the execution of this note; but she has entirely failed to establish that any representation to that effect was made by the payee. There is no principle better settled

than that an administrator executing a note for a debt due from the intestate binds himself personally, notwithstanding there be added to the signature an official designation. *East Tenn. Iron Co.* v. *Gaskell*, 2 Lea, 742.

Regardless of any personal consideration, the assets of the estate are a consideration supporting the promise to pay. The fact of the execution of such a note is *prima facie* evidence of assets, because they are the legal consideration upon which the law presumes the note to rest. Therefore, it is not incumbent on the payee to prove assets. This presumption of a consideration may, however, be rebutted between the original parties by the defendant showing that in fact there was a deficiency of assets, and therefore a failure of consideration to support the note. When such deficiency is shown, the liability will be diminished to the extent of such failure of consideration. *The Bank of Troy* v. *Topping*, 13 Wend., 557; *Snead* v. *Coleman*, 7 Gratt.; 300; Daniel on Neg. Ins., Sec. 263.

Unless there be some other consideration than the assets of the estate, the decree of the learned Chancellor permitting a recovery only to the extent of assets must be affirmed.

Defendant's counsel, however, insist that the evidence shows that the intestate and Johnston were partners in a large transaction in pork, which was unsettled, and that Johnston, as surviving partner, had a right to wind up this partnership matter,

and to priority of satisfaction out of the partnership assets in the adjustment of his equity as a partner, and that the surrender of this right of preference after payment of partnership liabilities and of his lien on the assets of the firm, was an additional consideration sufficient to support the note.

If there was any other consideration than a sufficiency of assets, then, as remarked by Judge Moncure in *Snead* v. *Coleman,* "it is consistent alike with justice and the intention of the parties that the executor should be personally liable for the debt." The presumed sufficiency of assets having been rebutted, the burden is upon the payee to establish some other sufficient consideration of benefit to the maker of such a note, or some detriment or loss arising out of the agreement to the payee. The proof entirely fails to establish that any of the partnership pork was on hand at the death of the intestate. The partnership was in a single lot of pork, and each had in it an undivided half interest.

It was bought in the fall of 1881. Boyd was to hold and sell it on the joint account. Johnston testifies himself that Boyd, before his death, told him that he had shipped all of the partnership pork in his own name. It appears further that Boyd had pork of his own, and that he had so kept his books that it was impossible to distinguish sales of partnership pork from his individual sales. To complicate matters still further, he seems to

have had some joint pork transactions with one
Hoyle. Whether there were any partnership assets
in the shape of claims for pork sold and not paid
for does not satisfactorily appear. Boyd had told
Johnston that a firm in Lynchburg, Va., owed
them for pork, but whether this was afterwards
collected by Boyd is not shown. A Mr. Hoyle,
who, as stated before, was himself interested with
Boyd in some pork transactions, seems to have
taken charge of Boyd's books showing sales of
pork, and to have collected in outstanding claims.
Whether he collected any thing on account of
sales for Boyd and Johnston is not sufficiently
shown. Mr. Johnston himself says that these
books were in such condition that it was impossible
to ascertain any thing concerning the results of
this joint transaction. In consequence of his in-
ability to ascertain any thing about the matter, he
proposed that the claim should be adjusted by
returning to him the balance of capital he had
remaining in the firm, and ten per cent. thereon
as an estimate of his share of profits. This was
agreed to, and the note involved executed.

That Hoyle paid over to Mrs. Boyd moneys col-
lected by him on sales made by Boyd, does not
establish that the fund arose from collections of
partnership claims; for, as before stated, Boyd sold
the partnership pork in his own name, and made
sales on his own account, and on account of him-
self and Hoyle, all in his own name.

In this condition of affairs, there is not shown

any partnership assets upon which Johnston could have fastened a lien for the adjustment of his equity as a partner. His claim was nothing more or less than a claim against the intestate for his interest in the partnership assets appropriated to his own use by sales in his own name.

There was not, therefore, any surrender of distinguishable partnership assets to the administratrix, and, therefore, no loss or detriment resulting from his abandonment of any right to, or lien upon, partnership assets. His claim was in no better attitude than the general creditors of the estate, and there was no other consideration for the note than the assets of the estate.

Affirm the decree with costs of this Court against the appellant.