DELIA WILSON *v.* CLINTON CHAPEL AFRICAN METHODIST
EPISCOPAL ZION CHURCH.

(*Knoxville.* September Term, 1917.)

1. **RELIGIOUS SOCIETIES.**     **Powers.**    **Trustees.**

Under Thompson's Shannon's Code, secs. 2562-2564, as to the acquisition and holding of property by religious societies, such societies have a legal existence and entity, though unincorporated, and are endowed with limited powers to be exercised by the trustees. · (*Post, p.* 403.)

Cases cited and approved: Rhodes v. Rhodes, 88 Tenn., 637; Nance v. Busby, 91 Tenn., 303.

2. **RELIGIOUS SOCIETIES.**    **Powers. Trustees.**

Since every corporation in addition to express powers has such implied powers as are reasonably necessary to accomplish its purpose, and religious associations have an entity similar to corporations, authority conferred on the trustees of a religious society by Thompson's Shannon's Code, section 2564, to hold land for purpose of public worship, implies a power to preserve and improve the land. (*Post, pp.* 403, 404.)

Cases cited and approved: Doty v. Telephone & Telegraph Co., 123 Tenn., 329; Turnpike Co. v. Davidson County, 106 Tenn., 258; Turnpike Co. v. Montgomery County, 100 Tenn., 417; Union Bank v. Jacobs, 25 Tenn., 515.

3. **RELIGIOUS SOCIETIES.**    **Powers.**    **Trustees.**

Under such section, it is within the powers of the trustees to execute a note as evidence of the obligation for money borrowed to build a church and bind property of the association for the payment of the note. (*Post, p.* 404.)·

Case cited and approved: Erie First Baptist Church v. Caughey 85 Pa., 271.

4. **RELIGIOUS SOCIETIES.**    **Powers.**    **Trustees.**

Under such statute, in the absence of proof as to the regulations of the church, when it appears that there are trustees, it may

Wilson v. M. E. Zion Church.

be presumed that the trustees acting officially are empowered to make contracts and incur indebtedness for the repair or improvement of the church property. (*Post, pp.* 404, 405.)

Case cited and approved: St. Patrick's Roman Catholic Church v. Gavalon, 82 Ill., 170.

5. **BILLS AND NOTES.** Liability. Nature of signature.

Under Acts 1899, chapter 94, section 20, providing that where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf or a principal, or in a representative capacity he is not liable on the instrument if he was duly authorized, but that the mere addition of words describing him as agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability, a note of church trustees disclosing that it was signed by them as such for a debt of the church did not render them personally liable, but the church was liable. (*Post, pp.* 405, 406.)

Acts cited and construed: Acts 1899, ch. 94, sec. 20.

Cases cited and approved: Bank v. Looney, 99 Tenn., 278; Boyd v. Johnston, 89 Tenn., 284; East Tenn. Iron Co. v. Gaskell, 70 Tenn., 742.

6. **RELIGIOUS SOCIETIES.** Power to sue and be sued.

Since a corporation may sue and be sued without any authority so conferred in express terms, a religious association endowed by statue with legal existence and vested with certain powers may assert its rights by suit, and may be sued. (*Post, p.* 406.)

Case cited and distinguished: Jonesboro v. McKee, 10 Tenn., 167.

7. **EQUITY.** Final decree. Condition of cause.

In suit against the church and its trustees on a note given by the trustees for money borrowed to build a church, where mortgagees of the property were named as parties to the amended bill, but not served, and they filed no pleadings, and *pro confessos* were not taken against them, although the amended bill averred that the mortgages had been satisfied, no final decree could be passed. (*Post, pp.* 406, 407.)

Case cited and approved: King v. Patterson, 129 Tenn., 1.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
WILL D. WRIGHT, Chancellor.

FRANK SANDERS, for appellant.

NOBLE SMITHSON, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

The bill in this case was filed by Delia Wilson claim-
ing to be the owner and holder of a certain promissory
note to recover thereon against Clinton Chapel African
Methodist Episcopal Zion Church and certain defend-
ants who had executed said note as trustees of said
church and other defendants who constitute the present
board of trustees of said church. She sought to hold
the trustees executing the note individually liable
thereon as well.

Certain defenses were interposed, which will be no-
ticed later, and proof was taken. The chancellor dis-
missed the bill in so far as it sought to hold the former
trustees individually liable, but rendered a decree on
the note against the present board of trustees in their
official capacity, from which decree the board of trus-
tees and the church have prosecuted an appeal to this
court.

The note is in words and figures as follows:

"$650.00            Knoxville, Tenn., June 14, 1906.

"Two years after date, for value received, we promise to pay to the order of William Alexander six hundred and fifty & 00/100 dollars, at the rate of six per cent. from date.

The undersigned principal and endorsers of this note waive demand note and protest thereof, and agree that if this note is placed in the hands of an attorney at law for collection, or has to be sued on, that he will pay ten per cent. attorney's fees in addition to the principal and interest, which fees shall be added to and become a part of the judgment.

"For money loaned to A. M. E. Z. Church.

"G. A. ROBINSON, Chm.       WM. JOHNSON.

"A. G. SLIGER.             DAVID MALCOLM.

"WM. GREENLEE.     JNO. H. ALEXANDER, G. Sec.

"W. A. MURRELL.            WM. ALEXANDER."

This instrument was indorsed in blank by William Alexander, the payee.

The proof indicates that Alexander and another had paid off an indebtedness created by the church for repairs on its building, for which a mechanic's lien doubtless existed, and this note was executed to reimburse Alexander. It appears that he mortgaged certain of his own property to raise the money to discharge the indebtedness of the church, and later lost his property under said mortgage.

It is insisted for the defendants that the parties executing the note were without authority to do so in such a way as to bind the church or the church property.

138 Tenn.—26

This church was a voluntary, unincorporated religious association.

Our statutes relating to such associations and their right to hold and dispose of real estate are contained in sections of Thompson's Shannon's Code, as follows:

"2562. Religious Society; Power to take and Hold Land.—Any religious denomination or society whether incorporated or not, may take, by deed or otherwise, and hold not exceeding five acres of land at one place for purposes of public worship or for a parsonage.

"2563. Title Invested in Trustees.—All lands bought or otherwise acquired by any religious denomination or society, shall be vested in a board of trustees or other person designated by the members of such denomination or society, for the use and benefit thereof.

"2564. When Trustees May Sell.—In all cases where any elders, trustees, or other church officer or officers, in any of the various churches or organizations of any religious denomination in this State, shall have had, or may hereafter have, any lands conveyed to them for the use of their respective churches or congregations as building sites, or for any other purpose, by deed, grant, devise, or in any other manner, they or their successors in office, according to the regulations of such church or congregation, may sell and convey the same by deed, which deed, when officially signed by such elders, trustees, or other church officer or officers, or their successors in office, and proven and registered as other deeds, shall pass the title, whether for life, for years, or in fee, to such land to the purchaser in as full

and ample a manner as if said church officer or officers held the same as a corporation, and had conveyed it by deed under their corporate deed.''

These statutes undoubtedly confer a legal existence and entity upon unincorporated religious associations (*Rhodes* v. *Rhodes,* 88 Tenn., 637, 13 S. W., 590; *Nance* v. *Busby,* 91 Tenn., 303, 18 S. W., 874, 15 L. R. A., 801); and such associations are endowed with limited powers to be exercised by the trustees thereof. They are authorized to hold not exceeding five acres of land for purposes of public worship or for a parsonage. Likewise, they are authorized through their trustees or officers to sell and convey such holdings of real estate according to the regulations of the churches or congregations.

Every corporation in addition to the powers expressly conferred by its charter has such implied powers as are reasonably necessary to accomplish the purpose for which it is authorized. *Doty* v. *Telephone & Telegraph Co.,* 123 Tenn., 329, 130 S. W., 1053, Ann. Cas., 1912C, 167; *Turnpike Co.* v. *Davidson County,* 106 Tenn., 258, 61 S. W., 68; *Turnpike Co.* v. *Montgomery County,* 100 Tenn., 417, 45 S. W., 345, 58 L. R A., 155; *Union Bank* v. *Jacobs,* 6 Humph. (25 Tenn.), 515. Likewise these religious associations, endowed with certain powers expressed in the statutes and noted above, have such additional powers as are necessarily implied from those granted. The expressed authority to hold land for the purpose of public worship or for a parsonage implies authority to erect a house of worship and a house for

the pastor. The authority conferred on the trustees of such an association to hold land for the use and benefit of the association and the authority to sell such property implies a power to preserve and improve the same, so that it may be of use and benefit to the association, and may be maintained in condition to sell.

We think, therefore, the trustees of every unincorparated religious association are entitled, "according to the regulations of such church or congregation," to incur indebtedness for the erection of a house of worship or parsonage, or for the repair and improvement of such house of worship or parsonage. Having authority to incur an obligation of this character, it follows that they may execute a note as evidence of such obligation and bind the property of the association for the payment of such note. *Erie First Baptist Church* v. *Caughey,* 85 Pa., 271.

A proper construction of the statutes quoted, *in pari materia,* indicates that in assuming such obligations for the association, the trustees must act according to the regulations of such church or congregation. In the absence, however, of any proof as to the regulations of the church or congregation, when it appears that there are trustees, we think it may be presumed that said trustees are empowered, acting officially, to make contracts and incur indebtedness for the repair or improvement of the church property. *St. Patrick's Roman Catholic Church* v. *Gavalon,* 82 Ill., 170, 25 Am. St. Rep., 305.

In the case before us there is no proof whatever as to the regulations or discipline of the defendant association, no restriction shown to exist on the power of the trustees to bind the church.

It is urged in behalf of the defendant, since neither the church nor its property is bound in the face of the note that these trustees signing the note must be held individually liable; that the words "trustees A. M. E. Zion Church" appearing after their signatures are merely descriptive, and are not sufficient to relieve the signers of personal responsibility. There is much authority for this proposition. *Bank* v. *Looney,* 99 Tenn., 278, 42 S. W., 149, 38 L. R. A., 837, 63 Am. St. Rep., 830; *Boyd* v. *Johnston,* 89 Tenn., 284, 14 S. W., 804; *East Tenn. Iron Co.* v. *Gaskell,* 2 Lea (70 Tenn.), 742.

However, the rule relied on has been changed by the Negotiable Instrument statute (Acts 1899, chapter 94, section 20) as follows:

"Where the instrument contains, or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

This note clearly shows that the trustees signed for and on behalf of a disclosed principal to wit, the Clinton African Methodist Episcopal Zion Church, a quasi corporate entity. If they were authorized to bind the

church, then the church is liable, and the trustees individually are not liable.

A corporation may sue and may be sued without any such authority being conferred in express terms. This is one of the incidental powers of a corporation. *Doty* v. *Telephone & Telegraph Co.,* supra; *Jonesboro* v. *McKee,* 2 Yerg. (10 Tenn.), 167.

"Corporations therefore unless there is some restriction in their charter may maintain all such actions as are necessary to assert their rights when invaded, or to give them a recompense for any injury that can be done to them; and, e converso, they may be sued like a natural person, to enforce any obligation to which they may be subject, or to obtain redress for any wrong for which they are liable." 1 Clark & Marshall on Corporations, p. 664.

So a religious association, endowed by statute with legal existence, and vested with certain powers, may assert its limited rights by suit, and may be sued on the few obligations it is empowered to incur. Under the statute, we think such an association should plead and be impleaded through its trustees.

A number of other questions are raised in the assignments of error and we have disposed of them orally.

An examination of the record shows, however, that this case is in such condition as that we may not pass a final decree. An amended bill was filed by the complainant below in which it was averred that the trustees of this association had made certain mortgages on the property, and that the legal title to the property

was outstanding in said mortgagees or trustees. The mortgagees were named as parties to the amended bill, but they have filed no pleadings, and *pro confessos* were not taken against them. The record does not show that they were served with process. If they were served with process, the case is not at issue as to them. The amended bill averred that the mortgages had in reality been satisfied, and asked that it be so decreed. Any decree to be effective and bind the property of this association must take into account the interests of these mortgagees. We could not deal with the land, unless they were before the court. *King* v. *Patterson,* 129 Tenn., 1, 164 S. W., 1191.

Upon the remand of the case in order that justice may be done, we think the whole matter should be opened up and additional proof taken. The evidence before us is meager as to the identity of the board of trustees at the time this note was executed, as to the circumstances attending the execution of the note, and the ownership of the note by complainant. There is no proof as to the authority of these trustees in the premises, nor as to the regulations and discipline of the church, respecting the conduct of its business affairs.

All of these matters should be fully developed.

The costs of the appeal will be divided between the parties, and the costs below will await the final outcome.