## EDSON CO. v. HARPER MOTOR CO., Inc.

(Court of Appeals of District of Columbia. Submitted March 4, 1926. Decided April 5, 1926.)

No. 4370.

**1. Sales ☞480(3)—Negligence and delay of plaintiff in replevin in asserting its rights, after automobile had been traded, held to preclude recovery.**

Negligence and delay of company, holding note secured by conditional bill of sale on automobile, in asserting its rights, after automobile was traded into another company and an insufficient check was sent in payment of the note *held* to preclude it from recovering in replevin suit.

**2. Estoppel ☞72.**

Where one of two innocent parties must suffer from negligence of third, he through whose agency negligence was occasioned will be held to bear loss.

In Error to the Municipal Court of the District of Columbia.

Action by the Edson Company against the Harper Motor Company, Inc. Judgment for defendant, and plaintiff brings error. Affirmed.

R. E. Welford and J. A. Rafferty, both of Washington, D. C., for plaintiff in error.

J. A. O'Shea, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Plaintiff in error, the Edson Company,

brought a suit in replevin in the municipal court of the District of Columbia against defendant in error, the Harper Company, to secure possession of a Ford coupé. The declaration is in the usual form prescribed in section 13 of the District Code, charging the Harper Company with "unjustly detaining" the automobile, or, "if it is eloigned," that it may have judgment for its value.

It appears that one Polling had purchased the Ford coupé in question, and given therefor, as part payment, his promissory note secured by a conditional bill of sale. The Edson Company was the holder of the bill of sale and note. Polling traded the coupé to the Harper Company as part payment on another automobile, and sent a check to the Harper Company, payable to the Edson Company, for the amount due on the note. The Harper Company on November 12, 1923, forwarded the check to the Edson Company, whereupon the Edson Company communicated with Polling on November 15, 1923, claiming $2.08 in excess of the amount of the check. Polling replied that he would send a new check for the amount claimed, provided the check sent through the Harper Company was returned to him. This was done, and Polling's check was returned to him on November 27, 1923. The record is silent as to whether the Edson Company ever heard further from Polling. The Harper Company, when transmitting the check to the Edson Company, notified it that the car had been turned in to it, and the Harper Company shortly thereafter disposed of it. The Harper Company assumed that the matter had been closed and satisfactorily settled. It received no notice from the Edson Company to the contrary until August 7, 1924, almost nine months after it had transmitted the check, when the suit was filed in this case. From a judgment for the defendant, the case comes here on a writ of error.

[1] There are several reasons why this judgment should be sustained. There is nothing to show that, if the Polling check had been properly presented for payment by the Edson Company, it would not have been paid. In the letter from Polling, stating that he would send the check for the larger amount, as requested, he states: "Please return check, and I will mail you a check to cover same in full, as I have withdrawn my account at the bank which check was drawn on." This letter was written 12 days after the check had been received by the Edson Company. There is nothing in the record to show that a second check was not sent, or that, if sent, the check was not good.

[2] We think the negligence and the delay of the Edson Company in conducting the transaction fully relieves the Harper Company from any liability. It is a well-settled principle of law that, "where one of two innocent parties must suffer from the negligence of another, he through whose agency the negligence was occasioned will be held to bear the loss, even though there is neither actual nor constructive fraud." Brant v. Virginia Coal & I. Co., 93 U. S. 326, 336, 23 L. Ed. 927; Bowen v. Howenstein, 39 App. D. C. 585, 588, Ann. Cas. 1913E, 1179; National Safe Deposit Co. v. Hibbs, 32 App. D. C. 459, 471.

It is unnecessary to consider the other grounds of defense advanced, since the one adjudged conclusively forecloses any right of recovery.

The judgment is affirmed, with costs.