**STATE NAT. BANK OF BONHAM v. HESTER. (No. 3500.)**

Court of Civil Appeals of Texas. Texarkana. Jan. 11, 1928.

Rehearing Denied Jan. 19, 1928.

**1. Husband and wife ⬉276(1)—That agent signed note describing principal as acting in representative capacity was not decisive of whether note was executed in representative capacity (Negotiable Instruments Act [Rev. St. 1925, art. 5932, § 20]).**

Where note sued on was signed H., Administratrix Community Estate of H., by C. D. H., fact that agent signed note describing principal as acting in representative capacity was not decisive of whether note was executed in a representative capacity, since Negotiable Instruments Act (Rev. St. 1925, art. 5932, § 20) controls form of signing as an administrator only in case he is authorized to make instrument,

and does not exempt administrator from personal liability who as such executes a note without authority.

**2. Executors and administrators ⬉99—Without authority, administrator or executor may not bind decedent's estate by negotiable instrument.**

An administrator or executor without authority to do so may not bind a decedent's estate by any negotiable instrument.

**3. Executors and administrators ⬉99—Negotiable.instrument signed by administrator or executor without authority binds him, personally, though he adds to own name designation of ·representative capacity.**

If an administrator or executor without authority executes a negotiable instrument attempting to bind decedent's estate, he binds only himself personally, even though he adds to his own name designation of administrator, executor, or· trustee, and though note is based on debt of estate.

**4. Husband and wife ⬉276(9)—Petition on note signed by H., administratrix, by agent, held not demurrable, where authority was determinable only under evidence (Rev. St. 1925, art. 3678).**

Where there was nothing on face of note indicating it was given within authority of a community administratrix under Rev. St. 1925, art. 3678, as merely a renewal note of valid debt against estate, petition against administratrix personally alleging that note was signed H., administratrix community estate H., by C. D. H:, held good as against general demurrer, where it could only be determined under evidence whether administratrix was authorized to sign in representative capacity, and petition showing on its face that note was executed by agent would imply authority of agent only to act in separate individual business of defendant.

Appeal from District Court, Fannin County; George P. Blackburn, Judge.

Action by the State National Bank of Bonham against Mrs. E. D. Hester. From an order sustaining general demurrer to the petition, plaintiff appeals. Reversed and remanded.

The appeal is from an order sustaining a general demurrer to the petition of plaintiff in the case. The suit was on a promissory note against Mrs. E. D. Hester as maker. The petition alleged that the note was made on October 17, 1924, for $4,860, due October 17, 1925, payable to the order of the First State Bank of Bonham. The note was signed, "Mrs. E. D. Hester, Administratrix Community Estate E. D. Hester, by C. D. Hester." It was then alleged "that though the note. was signed Mrs. E. D. Hester, Administratrix Community Estate E. D. Hester, by C. D. Hester," yet in fact the note was executed as "her separate act and deed, and that she is personally liable thereon." Further: ther:

"That this note was made, executed and delivered to the plaintiff herein by her duly constituted, authorized and appointed agent, C. D. Hester, said act being within the scope of his powers; that the defendant herein has since ratified and confirmed the making, executing, and delivering of the said note, which bound the defendant and made the defendant liable to plaintiff on the said note, and thereby the defendant promised the plaintiff to pay the sum of money in said note specified, interest thereon, and the stipulated attorneys' fees.

The prayer was for personal judgment against Mrs. E. D. Hester for the debt, interest, and attorneys' fees. The petition in no wise sought to establish liability on the note against the estate of which Mrs. Hester purported to be administratrix.

Leslie & Williams and Cunningham & Lipscomb, all of Bonham, for appellant.

Couch & Couch, of Bonham, and R. E. Eubank, of Paris, for appellee.

LEVY, J. (after stating the facts as above), [1-3] The note upon which personal, liability of Mrs. Hester is claimed appears from the averments in the petition to be a plain note of hand, promising to pay the amount of money stated, and signed, namely, "Mrs. E. D. Hester, Administratrix Community Estate E. D. Hester, by C. D. Hester." It was specially alleged that although there were added to the signature of Mrs. Hester words of description as "Administratrix Community Estate E. D. Hester," yet in fact the note was executed as "her separate act and deed," or private individual note, through her private agent, C. D. Hester, acting in her behalf and authorized to do so. Thus if the note were in fact or in legal effect Mrs. Hester's separate individual liability, the demurrer should have been overruled. The note on its face is not inconsistent with the averments of the petition that it was in fact or in legal effect her separate obligation. The naked fact that the alleged agent, C. D. Hester, described Mrs. Hester as acting in a representative capacity, would not of itself conclusively determine the vital question of whether or not the note was executed by the principal in the exercise and within the limits of her powers as administratrix. Section 20, art. 5932, Rev. St. 1925 (Negotiable Instrument Act) would be controlling of the form of signing as to an administrator only in case "he is duly authorized" to make the instrument. The section does not give nor intend to give the effect of exemption from personal liability of an administrator who as such executes a note without authority to do so. The authority of the administrator, as a "representative" of the estate, to make the note signed, is left open, as indicated by the section, for inquiry, according to the circumstances of each case. It is unnecessary to decide the application of the section to C. D. Hester, the agent, as he is not involved in the suit. It is the established and unchanged rule that an administrator or executor without authority to do so may not bind the decedent's estate by any negotiable note. If he does so make a negotiable instrument he will bind only himself personally, even if he adds to his own name the designation of "executor," "administrator" or "trustee." McKinney v. Peters, Dallam's Dig. 545; Morrison v. Hodges, 25 Tex. Supp. 176; Gregory v. Leigh, 33 Tex. 815; Warren v. Harrold, 92 Tex. 420, 49 S. W. 364; 1 Daniel Neg. Instr. sec. 262; 7 Cyc. page 546. He would be bound to pay it, although based on a debt of the estate, because there is a sufficient prima facie consideration. Boyd v. Johnston, 89 Tenn. 284, 14 S. W. 804.

[4] There is nothing in the face of the present note indicating that it was given, as within the statutory authority of a community administratrix (article 3678), as merely a renewal note of valid subsisting debt against the estate. The existence of such authority, which is in effect challenged by the petition, could only be determined from extrinsic evidence of attending circumstances. Such evidence was permissible under the averments of the petition. And it may not be presumed from the face of the note that it was executed merely in renewal of an existing community estate debt, as within the authority of the administratrix to do. For it appears that the administratrix acted through an agent, and not personally, in making the note. The administratrix, being purely a personal representative of the decedent, is presumed by law to act personally in all matters which she is empowered by statute to do, unless it be purely ministerial acts. Executing the note, as here, through an agent, would imply authority to the agent only to act in the separate individual business of Mrs. Hester and on her behalf. In view of the allegations that C. D. Hester was in fact acting as the private agent of Mrs. Hester and in her behalf, such agent's authority may be considered as referring to acts done in the private individual business of the principal and on her behalf. The question could otherwise be determined only upon extrinsic evidence of attending circumstances. It is thought that, in any view, the petition was not subject to a general demurrer.

We further conclude that the petition may be regarded as sufficient against a general demurrer respecting ownership of the note and merger of the bank. Special exceptions in such respects may be met by amendment on another trial.