RUTH GOLDFINGER, Plaintiff, *v.* HENRY L. DOHERTY, etc., Appellant, Impleaded with SAMUEL GOLDFINGER, etc., Respondent.

Supreme Court, Appellate Term, First Department, December 13, 1934.

*Frueauff, Robinson & Sloan* [*Joseph M. Sullivan* of counsel], for the appellant.

*David Fine* [*Lester Sage* of counsel], for the respondent.

SHIENTAG, J. The plaintiff sued the defendant Doherty, disaffirming certain purchases of stock, made in her behalf by her duly authorized agent, alleging that she was an infant at the time of the transactions and that she now elected to rescind and offered to return the stock, together with the stock and cash dividends received thereon. The defendant Doherty thereupon obtained an order permitting him to serve a supplemental summons and complaint on the agent Samuel Goldfinger, pursuant to section 193, subdivision 2, of the Civil Practice Act. No question is raised on this appeal with reference to the propriety of this order. (*Travlos* v. *Commercial Union of America, Inc.,* 217 App. Div. 352, 358.) The supplemental pleading alleged in substance that the agent purchased the stock from Doherty on behalf of the alleged infant " without disclosing the infancy of his principal." It further alleged that, if plaintiff should recover against Doherty, then the defendant Goldfinger, plaintiff's agent, will be liable to defendant Doherty for damages sustained through the rescission of the contracts by plaintiff, " on the ground that defendant Samuel Goldfinger has breached his implied warranty that he was authorized to enter into binding contracts for the plaintiff."

The supplemental pleading was dismissed below for insufficiency, no opinion being rendered. From that determination the defendant Doherty has appealed to this court.

The fair inference to be drawn from the pleading is that at the time of the transactions in suit the infant was at least sixteen years old; that she has disaffirmed, not the authority of the agent to act in her behalf, but the transactions entered into by her duly authorized agent. The relationship between the infant and the agent is not disclosed by the pleading, nor is there any allegation that at the time of the transaction, the agent knew, or had reasonable cause to know, of his principal's infancy, or that the other contracting party, Doherty, was in ignorance thereof.

A contract made by an infant is not void. He has the capacity to enter into an agreement wh:ch will bind the other contracting party. An infant's contract is said to be voidable. Another way of putting it is that the law, for the protection of the infant, gives him the privilege, under certain conditions, of disaffirming his contract. This privilege is not without its limitations. (*International Text Book Co.* v. *Connelly,* 206 N. Y. 188; *Joseph* v. *Schatzkin,*

259 id. 241; *Wyatt* v. *Lortscher*, 217 App. Div. 224; *Rice* v. *Butler*, 160 N. Y. 578.)

An infant's appointment of an agent is not void; it is merely voidable, like any other contract he makes. " Notwithstanding numerous general statements in the books, sound principles compel the conclusion that no satisfactory distinction can be drawn between a sale and delivery by the infant and a sale and delivery by an agent for him. * * * Dicta and general statements to the contrary are no longer respectable authority." (*Casey* v. *Kastel*, 237 N. Y. 305, 311.)

There is, therefore, no basis for the contention of the appellant that disaffirmance by the infant of a contract entered into on his behalf by his agent, renders the transaction void *ab initio*, so that the agent is deemed to have acted without any authority. The infant, without questioning the authority of his agent, may disaffirm the contract entered into on his behalf, in the same manner as if he had made the contract directly. The infant may disaffirm the contract of agency; he may disaffirm the contract entered into by his agent. Either contract is voidable; neither is void.

The general rule is, that if in making a contract in the name of his principal the agent acts without authority or beyond it, he becomes liable. As the agent assumes to represent the principal he cannot be heard to say that he had no authority or that there was, in fact, no principal to be bound; he impliedly warrants that there is a principal and that he is authorized to act for him.

" The agent does not warrant the capacity of the principal." (*Hall* v. *Lauderdale*, 46 N. Y. 70.) " An agent does not warrant that his principal has full contractual capacity any more than he warrants that his principal is solvent. Thus, an agent for one not of legal age is not necessarily liable if the infant avoids the obligation of the contract made on his account." (Comment [a] on section 332, Restatement of the Law of Agency.) An agent who misrepresents the capacity of his principal to contract is liable as for any other misrepresentation and this whether he misrepresents tortiously or innocently.

In the absence of misrepresentation, under what circumstances, if any, is an agent acting for an infant, who subsequently disaffirms not the agency, but the transaction of the agent, liable to the other contracting party? It must appear that the agent knew or had reason to know of his principal's lack of full capacity and it must further appear that the other contracting party was in ignorance thereof. The theory of breach of warranty of authority is that one dealing with an agent has been misled by him. This could hardly be deemed to have occurred, if all the facts are known.

" It is material, in these cases, that the party claiming a want of authority in the agent should be ignorant of the truth touching the agency." (*Thilmany* v. *Iowa Paper Bag Co.*, 108 Iowa, 357, 361; 79 N. W. 261.) If the agent " acts within his instructions, and in good faith, especially when the facts are equally known to both parties, he is not personally responsible, although it may happen that the authority itself is void." (*Hall* v. *Lauderdale*, 46 N. Y. 70, 75.) (See, also, Mechem Agency, § 545; Restatement of the Law of Agency, § 329.)

Assuming that the agent knows or has reason to know of his principal's lack of full capacity, and of the other party's ignorance thereof, what if any is the agent's liability?

Clear authority on this point is lacking. Ordinarily, the duty to speak has been limited to a situation where there is either a pre-existing fiduciary relationship, or one expressly created by a repose of confidence, or where the contract itself calls for disclosure.

In a case as here presented, however, the duty imposed, if any, must rest on a broader basis. Concealment involves a suppression of truth and when accompanied by a statement in itself true, they together may create such a misleading impression as to cause the statement made to be in effect false and actionable. " Half the truth may be a lie in effect." (Williston Sales [2d ed.], § 631-a.) (Cf. *Rex* v. *Kylsant*, [1932] 1 K. B. 442, and a comment thereon, 48 Law Quarterly Rev. 43; *Hotaling* v. *Leach & Co.*, 247 N. Y. 84, 88; *Coral Gables, Inc.*, v. *Mayer*, 241 App. Div. 340.)

The basis of the liability of an agent, in a situation such as we are here considering, is that he has produced " a false impression upon the mind of the other party; and if this result is accomplished it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff." (*Stewart* v. *Wyoming Ranche Co.*, 128 U. S. 383, 388.) We believe that the correct rule is that set forth in the Restatement of the Law of Agency as follows:

" § 332. Agent of partially incompetent principal. An agent making a contract for a disclosed principal whose contracts are voidable because of lack of full capacity to contract, or for a principal who, although having capacity to contract generally, is incompetent to enter into the particular transaction, is not thereby liable to the other party. He does not become liable by reason of the failure of the principal to perform, unless he contracts or represents that the principal has capacity or unless he has reason to know of the principal's lack of capacity and of the other party's ignorance thereof."

We believe that this rule is based not only upon the requirements of fair business practice, but that it embodies sound legal principles. The case of *Patterson* v. *Lippincott* (47 N. J. L. 457; 1 A. 506), despite its dictum, is not definite authority to the contrary, for in that case the suit was brought against the agent before the infant disaffirmed, and the plaintiff dealt with the infant directly, as well as through the latter's agent.

If, therefore, the liability of the agent is to be based on his failure to disclose facts in connection with his principal's lack of full capacity to the other contracting party, it must appear (1) that the agent knew or had reason to know the facts indicating his principal's lack of full capacity, (2) that the other contracting party was in ignorance thereof and the agent had reason so to believe, and (3) that the transaction is one in which lack of full capacity was a material fact.

Drawing the most favorable inferences from the pleading under consideration, we find that it fails to set forth enough facts to constitute a cause of action. We feel, however, that the defendant Doherty should have an opportunity to amend if he be so advised, so as to conform his pleading to the requirements herein set forth.

The order dismissing the supplemental complaint is affirmed, with ten dollars costs and disbursements, with leave to the defendant to serve an amended supplemental complaint within six days after service of order entered hereon upon payment of said costs.

CALLAHAN, J., concurs; LYDON, J., dissents.

LYDON, J. (dissenting). I dissent.

That the result reached by the majority of the court is undesirable seems to me apparent. The question is whether it is made necessary by established principles of law. I do not think it is.

The loss caused by the disaffirmance of her contract by the infant must ultimately rest either upon the vendor of the stock or upon the agent who represented the infant in its purchase. The decision about to be made allows the vendor recourse against the agent provided he pleads and proves that the agent knew or had reason to know of the infancy of his principal and also had reason to believe that the vendor was ignorant of the disability. In the absence of such proof recovery is denied to the vendor and he must bear the loss. The result is that in a case like the present, where, so far as appears, neither the vendor nor the agent knew or had reason to know of the infancy, the question of ultimate liability is made to depend on the whim of the infant. If she wishes to exonerate her chosen agent, she disaffirms the purchase but leaves the agency undisturbed. If she wishes to allow the vendor recourse against her agent, she disaffirms both the agency and the purchase Substantial rights

of third persons ought not to be made to depend on the caprice of the infant. In such a case the loss ought to fall on the agent, who has assumed the responsibility of acting for the infant, rather than upon an innocent third person. The determination about to be made reaches the contrary result.

My own view is that it is an unnecessary refinement to say that the infant has disaffirmed the purchase, but has not disaffirmed the agency by which the purchase was effected. A disaffirmance by the infant of her purchase should be held necessarily to imply and include a disaffirmance of the authority of the agent whom she had appointed to make that purchase.

It may be quite true that an agent does not warrant the capacity of his principal and is not liable if the latter disaffirms and refuses to perform an executory contract. The extracts from the Restatement of the Law of Agency are probably intended to go no further than this. If sound, the proposition has little relevancy to the present controversy. This is not a case of the breach of an executory contract. It is a case where a contract, fully performed, is sought to be rescinded. To accomplish this, it should be held necessary that both the contract, and the agency by which it was produced, be disaffirmed. It seems to me impossible to say that the infant has disaffirmed the purchase without, at the same time, rescinding the agency by which the purchase was accomplished. Unless the agency is disaffirmed, the purchase, effected by the proper exercise of that agency, should be beyond attack. Disaffirmance of the purchase should be held necessarily to imply disaffirmance of the agency whose only purpose was to make the purchase. By disaffirmance of the agency the authority of the agent is divested *ab initio*. He may not have warranted the capacity of his principal, but he did warrant that he was authorized to act for her. When that authority is destroyed by the disaffirmance, he becomes liable on his warranty. Thus there is not even a logical difficulty in reaching the right result.

I think the pleading in question was sufficient on its face. If the vendor knew of the infancy the fact, if material, should be pleaded by the agent in defense. Whether or not the agent knew of the infancy should be immaterial unless he is charged with fraudulent concealment of the fact. No such charge is made here.

I, therefore, vote to reverse the order appealed from and to deny the motion to dismiss.