### EZERSKY v. SURVIS.
No. 286.

Municipal Court of Appeals for the District of Columbia.
July 27, 1945.

Mark P. Friedlander, of Washington, D. C., for appellant.

Samuel B. Brown, of Washington D. C. (Benjamin and Nathan M. Brown, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This was a suit by a retail liquor dealer to recover from a salesman money paid on account of a purchase of fifty cases of Scotch whiskey which were never delivered. Defendant contended that he was acting in the transaction as agent for a disclosed principal.

In deciding for defendant the trial judge filed a written memorandum in which he found, among others, these facts: That defendant Survis, as plaintiff knew, was not a manufacturer or wholesaler but a solicitor, that he was acting for one J. Louis Frindell, trading as United Importing Company, and that it was to that company that plaintiff at Survis' request made out her check. The judge expressly found that Survis was acting as agent and not as principal and that he neither expressly or impliedly bound himself to the contract. He also found that Survis had misrepresented nothing to plaintiff and had acted in good faith and without fraud.

We have carefully studied the stenographic transcript and we think that without detailing the evidence it is sufficient to say that it amply supports the findings of fact we have just outlined. Also it provides ample basis for the legal conclusion reached by the trial judge that there was no liability on defendant and that Frindell was "fully bound and liable on the contract." The law is too well settled to admit of any debate, that when an agent acts in good faith in behalf of a disclosed principal he is not liable for the principal's default. Moses v. Boss, 63 App.D.C. 381, 72 F.2d 1005. The rule is aptly summarized in the Restatement, Agency, at section 320, as follows: " * * * only where he so manifests does the agent become a party to the transaction which he makes. In the absence of other facts, the inference is that the parties have agreed that the principal is and the agent is not a party."

But, says appellant, the agent is liable anyway because he failed to ascertain in advance whether the principal was "legitimate" and could actually deliver the whiskey, and because he failed to disclose his lack of information to the plaintiff. We know of no rule of law which casts so heavy a burden upon a mere selling agent, for it would in effect make the agent an unwitting surety for his principal. Appellant cites us to no case to support such contention; and we have found none. Accordingly we hold that in circumstances such as we have here the agent "guarantees neither the honesty nor the solvency of the principal." Restatement, Agency, § 328. See also Goldfinger v. Doherty, 153 Misc. 826, 276 N.Y.S. 289.

Appellant also argues that even as agent, Survis is liable because he was in fact acting for a nonexistent principal.[1] Un-

[1] Citing Riley v. Bondi, 8 Cir., 64 F.2d 515; Phillips & Co. v. Hall, 99 Fla. 1206, 128 So. 635; Ryerson & Son v. Shaw, 277 Ill. 524, 115 N.E. 650; Sears Roebuck & Co. v. Wolf, 246 Ill.App. 550.

fortunately for her, however, the evidence does not support the contention. It supports the opposite view, and also supports the judge's express finding of fact that Survis was acting for an existent, fully disclosed principal who is "fully bound and liable on the contract."

Finally, appellant tells us there should be a reversal under the doctrine that when a loss occurs through the wrongful act of a third person, and must be borne by one of two innocent persons, it should fall on the one who by his negligence or inadvertence has placed it in the power of the third person to perpetrate the wrong.[2] With that time-honored and salutary rule of law we have not the slightest quarrel; but it does not fit this case. There is here no basis for charging legal inadvertence or negligence to Survis, nor any basis for holding that he put it in Frindell's power to "perpetrate the wrong."

Affirmed.

---

[2] Citing Edson v. Harper Motor Co., 56 App.D.C. 241, 12 F.2d 182; National Safe Deposit Co. v. Hibbs, 32 App.D.C. 459.