**EXPRESS PUBLISHING COMPANY,**
Appellant,

v.

Meyer S. LEVENSON and Frances R. Levenson, d/b/a Colony Room, Appellees.

No. 13027.

Court of Civil Appeals of Texas.

San Antonio.

April 18, 1956.

Rehearing Denied June 6, 1956.

Second Rehearing Denied July 11, 1956.

**358**

Emmett B. Cocke, San Antonio, for appellant.

Levey & Goldstein, San Antonio, for appellees.

POPE, Justice.

Express Publishing Company sued Meyer S. Levenson and his wife, Frances R. Levenson, for $170, interest and attorney's fees due on a promissory note executed and signed "The Colony Room By: M. S. Levenson." The note was in payment of newspaper advertising. Colony Room is a restaurant operated by and under the assumed name of Frances Levenson, the wife of M. S. Levenson. The trial court held that neither the wife nor her husband was liable on the note. The wife was not liable because she was a married woman whose disabilities of coverture had not been removed to permit her to engage in a business enterprise and make contracts. Art. 4626, Vernon's Ann.Civ.St. Wyner v. Express Publishing Company, Tex.Civ.App., 288 S.W.2d 583; Jesse H. Jones & Co. v. Black, Tex. Civ.App., 42 S.W.2d 151. The trial court held that the husband was not liable, since he signed only as an agent of the Colony Room, which is the assumed name for Frances Levenson, his principal. Apparently all parties treat the Colony Room as the wife's separate property.

██ The husband executed the negotiable instrument for and in the name of his principal, who was disclosed through the public registration record for assumed names. The principal escaped liability by pleading and proving that she is a married woman and legally incompetent. What is the liability of an agent for a legally incompetent principal? It does not appear that the third party, Express Publishing Company, knew that the principal was under the disability of coverture. Foster v. Hackworth, Tex.Civ.App., 164 S.W.2d 796, is not applicable, since that case illustrates the rule when the wife, as principal, is competent. The situation here presented is that of a married woman who lacked competency to contract, since she was under the disability of coverture concerning the transaction. "It is a general rule that one who assumes to act as agent for a principal who has no legal status or existence renders himself individually liable on contracts so made." 2 Am.Jur., Agency, § 316; Restatement, Agency, § 324, Comment a; 3 C.J.S., Agency, § 213; Redden v. Capps, Tex.Civ. App., 15 S.W.2d 670; State Nat. Bank of Bonham v. Hester, Tex.Civ.App., 1 S.W. 2d 915.

Judgment is reversed and here rendered for appellant for the sum of $170, together with interest and an additional ten percent on the principal and interest as attorney's fees.

### On Rehearing

Appellee Meyer S. Levenson, by his motion for rehearing, correctly states that the liability of an agent for a non-existent principal is somewhat different from the liability of an agent for a principal who is incompetent and may disaffirm a contract, such as an infant, or one who is under disability of coverture. Restatement, Agency, § 332; 2 Am.Jur., Agency, § 318; 3 C.J.S., Agency, § 215d. We find no Texas precedents, but Goldfinger v. Doherty, 153 Misc. 826, 276 N.Y.S. 289, 293, discusses the circumstances under which the agent is liable in the event the principal claims incompetency to disaffirm a contract, saying:

"In the absence of misrepresentation, under what circumstances, if any, is an agent acting for an infant, who subsequently disaffirms, not the agency, but the transaction of the agent, liable to the other contracting party? It must appear that the agent knew or had reason to know of his principal's lack of full capacity, and it must further appear that the other contracting party was in ignorance thereof. The theory of breach of warranty of authority is that one dealing with an agent has been misled by him. This could hardly be deemed to have occurred, if all the facts are known. 'It is material, in these cases, that the party claiming a want of authority in the agent should be ignorant of the truth touching the agency.' Thilmany v. Iowa Paper Bag Co., 108 Iowa 357, 361, 79 N.W. 261, 262, 75 Am.St.Rep. 259. If the agent 'acts within his instructions, and in good faith, especially when the facts are equally known to both parties, he is not personally responsible, although it may happen that the authority itself is void.' Hall v. Lauderdale, 46 N.Y. 70, 75. See, also, Mechem on Agency, § 545; Restatement of the Law of Agency, § 329. * * *

"The basis of the liability of an agent, in a situation such as we are here considering, is that he has produced 'a false impression upon the mind of the other party; and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff.' Stewart v. Wyoming Cattle Ranche Co., 128 U.S. 383, 388, 9 S.Ct. 101, 103, 32 L.Ed. 439. We believe that the correct rule is that set forth in the Restatement of the Law of Agency as follows: '§ 332. Agent of partially incompetent principal. An agent making a contract for a disclosed principal whose contracts are voidable because of lack of full capacity to contract, or for a principal who, although having capacity to contract generally, is incompetent to enter into the particular transaction, is not thereby liable to the other party. He does not become liable by reason of the failure of the principal to perform, unless he contracts or represents that the principal has capacity or unless he has reason to know of the principal's lack of capacity and of the other party's ignorance thereof.' * * *

"If, therefore, the liability of the agent is to be based on his failure to disclose facts in connection with his principal's lack of full capacity to the other contracting party, it must appear (1) that the agent knew or had reason to know the facts indicating his principal's lack of full capacity; (2) that the other contracting party was in ignorance thereof and the agent had reason so to believe; and (3) that the transaction is one in which lack of full capacity was a material fact."

▪ Since the proof demonstrated that Levenson was acting for his wife, to whom he had been married for twenty-one years, that they both engaged in real estate and commercial businesses together, and that together they operated the business out of

which this transaction grew, it is not difficult to infer that he well knew his wife's disabilities were not removed. No less facile is the inference that the payee of the note took it expecting it to be good, and ignorant of the principal's incompetency.

Judgment for Frances R. Levenson is affirmed, but judgment is reversed and rendered against Meyer S. Levenson. The motion for rehearing is otherwise overruled.